GRAND & ST. LOUIS ENTERPRISES,
Plaintiff–Respondent,

v.

Dan POWELL, Defendant–Appellant.

No. 58186.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 16, 1991.

Alan J. Agathen, Clayton, for defendant-appellant.

Richard G. Hughes, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

In August 1988, Grand & St. Louis Enterprises (Grand) and Dan Powell (Powell) entered into a real estate contract for the sale of real property located at 3224 Locust for $375,000. Grand tendered $10,000 to Powell pursuant to the sales contract as an earnest money deposit. The standard form sales contract contained the printed financing contingency clause:

This contract is contingent upon the availability to purchaser of financing as set forth below, to be secured by deed or deeds of trust on said property. If commitment therefor be not obtained by noon of November 4, 1988, this contract shall be null and void and earnest deposit returned to purchaser. Said financing being as follows: Subject to financing

satisfactory to purchaser. (Emphasis added.)

The underlined condition in the contract was added and inserted by a typewriter. The sale was not completed as of the date called for in the sale contract. A demand for the return of the $10,000 earnest money deposit was made by Tommy Tucker (Tucker) President and Treasurer of Grand and rejected by Powell.

Grand filed a two count petition seeking return of the $10,000 earnest money deposit and alleged breach of contract in Count I and conversion in Count II. The court tried case was heard and it entered judgment in favor of Grand for $10,000. Powell filed a motion for a new trial. After the trial court denied the motion, Powell filed his appeal.

The threshold question to be answered is, did the respondent (purchaser) offer credible substantial evidence to support the judgment of a judge tried case that he made reasonable efforts to secure the long term financing required by the sales contract.

Before we answer the aforementioned question, we must respond to seller's claim of trial error. He claims that exhibits 2 and 3, credit rejection letters, should not have been admitted because they were hearsay. At trial he objected to the introduction of the two exhibits as not being the best evidence. In his second claim of error on appeal he claims the purchaser's testimony that he made two loan applications, without introducing such applications, was in violation of the best evidence rule. Finally, the seller claims error in that there was insufficient evidence that the purchaser's efforts were reasonable.

■ In a case tried without a jury, we must sustain the trial court's judgment unless it is without substantial evidence in support, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.App.1976). The general rule is that a real estate sales contract with a contingency clause, such as that between the parties herein, contains "an implied obligation to use reasonable efforts in pursu-

ing the financing set forth in the contract." *Goldberg v. Charlie's Chevrolet, Inc.*, 672 S.W.2d 177, 178 (Mo.App.E.D.1990). With these principles in mind we now address the facts.

■ Exhibit 2 was a credit rejection letter addressed to Tommy Tucker from Transamerica Financial Services dated August 10, 1988. The letter stated that "your recent application does not meet our requirements,.... The reason for the rejection was insufficient collateral." The letter was signed by Warren Fulks, manager.

Exhibit 3 was a letter from Lindell Trust Co. dated January 16, 1990 addressed to Tommy Tucker. The pertinent part stated that "his loan request of June 1988 in the amount of $350,000 is declined because of Tucker's excessive obligations at that time." Signed by James A. O'Donnell, Senior Vice-President. These documents were marked as exhibits prior to any testimony.

On direct examination Tucker testified that he entered into a contract with Powell and had tendered to Powell the $10,000 earnest money. After the closing date he then requested that the funds be returned. At that point in the examination Powell's attorney interrupted and in anticipation of Tucker's further testimony interjected, "I'm going to object to these two exhibits. I believe that the purchaser's attorney is going to mention at this point Tucker's efforts to obtain financing. It is my position that the loan application, if he ever made any, are the best evidence of his efforts to obtain financing. And if he cannot put those into evidence, this other evidence is irrelevant, and its merely hearsay and speculative." He continued, *"I'm not necessarily questioning the authenticity* of these documents." (Emphasis added). He then restated the aforementioned reasons for not permitting exhibits 2 and 3 to be introduced as evidence.

The trial court overruled the objection. Tucker then proceeded to identify the two exhibits as loan rejections to his applications. He stated that he made and submitted loan applications with both financial institutions. He further averred that he

did not keep a copy of either loan application and neither loan application was returned with the rejection letter.

■ When complaints concerning relevancy and the "best evidence rule" are urged, the trial court's broad discretion is subject to reversal only in cases of clear abuse. *Lewis v. Bucyrus–Eric, Inc.*, 622 S.W.2d 920, 925 (Mo. banc 1981).

■ We recognize that the best evidence rule does not come into play simply because a witness is testifying to facts which are also contained in a writing. It is activated when the terms of a writing are in dispute. *Moschalz v. Mock*, 591 S.W.2d 415, 419 (Mo.App.1979). Consequently evidence that a certain document is in existence or as to its execution or delivery is not within the rule and may be given without producing the document. McCormick, Evidence, 563 (2nd ed. 1972).

Here the seller testified that he made two loan applications to the two financial institutions for the purchase of the real estate. The two questioned rejection letters were submitted as evidence of existence of the loan applications and not to the terms of the applications. In fact, the seller's objection as to exhibit 2 was it "did not refer to any amount at all." The court ruled that Powell's objection went to the weight rather than the admissibility and allowed their admission.

We conclude that the court did not clearly abuse its discretion in admitting the loan rejection letters.

■ We now address the threshold issue, did Tucker offer substantial evidence to support the judgment that he made reasonable efforts to obtain financing. Preliminarily, we note that no findings of facts or conclusions of law were requested of, or made by, the trial court. We therefore assume all fact issues were resolved in accordance with the result reached. Rule 73.01(a)(2) .

Powell contends in his points relied on that the exhibits and testimony are not evidence that Tucker's efforts were reasonable in that the testimony is devoid of any record of the contents of the Tucker's loan application.

Powell contends that because there was a lack of evidence in the terms of the loan application to prove that Tucker used his best efforts, the court erred in its judgment. This contention is misplaced.

We defer to the trial court in its assessment of the evidence. The trial court could have found that Tucker was the president of the corporation; that he applied at two financial institutions for a $350,000 loan which would have been the amount needed to consummate the real estate transaction; that his loan applications were rejected because he had excessive obligations or insufficient collateral. Those facts were fortified when Powell elected on cross-examination to examine Tucker about Grand filing bankruptcy, that he applied at both financial institutions for a $350,000 loan and his loan applications were rejected by both financial institutions.

Obviously the trial court concluded that Tucker offered substantial evidence to support his best efforts in obtaining a loan. We will not disturb the trial court's judgment. Each case of this kind must stand on its own facts. A review of the numerous cases, each with differing facts, in 78 A.L.R.3d 880 which discusses the threshold question persuade us that the trial court did not err.

Judgment affirmed.

KAROHL, J., concurs.

GRIMM, J., concurs in result in separate opinion.

GRIMM, Judge, concurring.

I concur in the result reached by the majority opinion. I disagree with the majority, because I believe the trial court erred in admitting exhibits 2 and 3 over defendant's hearsay objection. However, there is additional evidence which is sufficient to support the judgment in this bench-tried case.

At trial, defense counsel objected to these two exhibits on the basis of hearsay, not the best evidence, and speculation. In response, plaintiff's counsel said: "Well,

your Honor, it's certainly not hearsay. I believe it's a valid exception to the hearsay rule. These are letters which will indicate that financing was applied for and rejected."

After some additional colloquy, the trial court inquired, "[F]or what purpose are you requesting that they be admitted?" Plaintiff's counsel replied, "Your Honor, that, in fact, financing was applied for, or, at least, that financing was rejected.... I am simply entering these exhibits to show that, in fact, it was applied for and rejected."

The trial court indicated it would allow them, saying "I think your objection, counselor, goes to the weight rather than the admissibility." Testimony was then given concerning the exhibits.

When the exhibits were formally offered into evidence, defense counsel renewed his objections. He stated the exhibits were "irrelevant, and they contain hearsay, and there's been no foundation for their veracity." The objections were overruled.

The majority says, "We conclude that the court did not clearly abuse its discretion in admitting the loan rejection letters." Page 131. I disagree. The letters were clearly hearsay and should not have been admitted.

However, the trial court's judgment is to be affirmed if there is sufficient evidence remaining after disregarding the inadmissible evidence. Because such evidence exists, I concur in affirming the judgment.