Nora M. UMPHRES and James S. Umphres, Plaintiffs/Appellants,

v.

J.R. MAYER ENTERPRISES, INC., et al., Defendants/Respondents/Cross–Appellants.

Nos. 64319, 64375.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1994.

Application to Transfer Denied Jan. 24, 1995.

Daniel J. McAuliffe & Associates, Richard J. Magee, Clayton, for appellants.

Hawk & Mattingly, John T. Hawk, Clayton, Claiborne P. Handleman, Daniel D. Simon, St. Louis, Donald Jay Cohen, Clayton, Susman, Schermer, Rimmel & Shifrin, Andrew Kasnetz, Dale Barken Glaer, St. Louis, for respondents.

PUDLOWSKI, Judge.

This is an appeal from an action in equity seeking an injunction to restore a roadway, once located over a prescriptive easement, to its original location. Despite certain wrongful actions taken by owners of the servient land, the trial court denied a request by the owners of the dominant land for an injunction to restore the road to its original location and instead awarded money damages to the owners of the dominant land because their insignificant injuries did not warrant an injunction which would work great hardship on the servient landowners. We affirm.

On September 9, 1948, John A. and Alma J. Keller acquired five acres of a ten acre tract in west St. Louis County owned by Albert and Ida Jacobs. On August 16, 1950, Sam and Nora Umphres acquired the Kellers' five acre tract. The five acres are now owned by appellants Nora and James Umphres.

The original 1948 deed from the Jacobs to the Kellers, appellants' predecessors in interest, described an "easement" ten feet wide, running north and south along the eastern line of the five acre tract. The deed was recorded. The land described by the deed as an "easement" was not owned by the Jacobs, the grantors, but rather by Arthur and Hilda Ray, the predecessors in interest of the respondents. No evidence exists whether or not the Jacobs had an interest in the "easement" described in the deed of 1948 over the Rays' land. Nor is there any proof that there ever was a road located within the bounds of the "easement" described in the deed.

An actual gravel road did exist nearby, however, and had been there at least since 1950. Most of the road ran just east of the land described in the 1948 deed. It ran over the Rays' property in 1950, and was used continuously by the appellants Umphres through 1987, for purposes of access to their property. It appears that the deed of 1948 was referring to this existing road, but misdescribed its location.

Mr. J. Randall Mayer, a developer and president of respondent J.R. Mayer Enterprises, Inc., constructed homes on land formerly owned by the Rays as part of a subdivision development. Both the actual road and the "easement" property described in the deed of 1948 ran across three of the lots upon which homes were constructed. These lots, numbered 52, 53, and 54, and the homes constructed on them now belong respectively to respondents Mr. and Mrs. Greco, Mr. and Mrs. Hairisine, and Mr. and Mrs. Cook.

In mid-1987 Mr. Mayer approached appellants, the Umphres, requesting their consent to move the existing roadway farther west, closer to the appellants' property line. Appellants refused. Appellants received a letter dated November 2, 1987 from respondent Mayer Enterprises' attorney that the road-

way would be relocated on November 6, 1987, despite appellants' objections. Appellants filed this suit on November 4, 1987, requesting reformation of the deed of 1948 and a temporary restraining order against the repositioning of the road.

On November 4, 1987, Judge Kenneth Weinstock of the Circuit Court of St. Louis County denied the appellants' request for a temporary restraining order. On November 6, as planned, respondent Mayer relocated most of the roadway ten to twelve feet to the west of its original position. The new road lies approximately within the bounds of the "easement" description in the deed of 1948. The new road is also made of gravel and dirt, and is in most ways similar to the old road, except that it makes a slight bend at its northernmost point, is slightly narrower, is intersected by a new subdivision street, and has suffered from lack of maintenance for the last several years. Since the relocation of the road to its present westerly location, the owners of lots 52 through 54 have placed items such as fences, hedges, gardens, and swing sets over land once occupied by the old road.

This cause in equity was heard by Judge Charles B. Blackmar, and he found that appellants held a valid prescriptive easement over the land once occupied by the old roadway and that the removal of the road abridged appellants' legal rights. Judge Blackmar, however, also found that the appellants' injury was compensable by money damages, and awarded them $7,500.00 to be paid by respondent Mayer Enterprises in lieu of the requested injunction to relocate the road.

The Umphres now appeal this judgment alleging that the trial court erred in determining that injunctive relief was not appropriate. The Umphres stress that injunctive relief is warranted in light of the fact that respondents willfully encroached upon the easement. Respondents deny that the trial court erred in its selection of the remedy. Additionally, respondent J.R. Mayer Enterprises, Inc. cross appeals that the trial court erred in its determination that a prescriptive easement exists over the land once occupied by the old road because such use was permissive at the outset. We will address the cross appeal first.

Appellants held a valid prescriptive easement over the land occupied by the old roadway.

■ To obtain a prescriptive easement, one must show that the use of the property is "open, adverse, visible, continuous and uninterrupted under a claim of right for ten years or more." *Hermann v. Lynnbrook Land Co.*, 806 S.W.2d 128, 131 (Mo.App.E.D.1991). The appellants' use of the old roadway meets these criteria. The existence of the road and the appellants' use of the road had been open, visible, continuous, and uninterrupted from 1950 through 1987. It is of no consequence that the old road as it existed did not fall perfectly within the bounds of the language in the deed of 1948. For purposes of an easement by prescription, a visible, actual use commonly serves as valid notice to the servient estate. *See, e.g., Johnston v. Bates*, 778 S.W.2d 357, 363 (Mo.App.E.D.1989). Appellants' use of the road was also under a claim of right, for appellants are able to trace their claim to language in the deed of 1948 granting their predecessors in interest an easement in the vicinity.

■ Appellants' use of the old roadway also was adverse. For a use to be considered adverse, it is not necessary for one to intend to violate the owner's rights. It is sufficient that one uses land without regard to any right of the owner to prohibit the use. *Hermann v. Lynnbrook Land Co.*, 806 S.W.2d 128, 131 (Mo.App.E.D.1991). Here, appellants used the old roadway for decades without any regard of respondents' possible right to exclude them. This "long and continued use without evidence to explain how it began raises the inference it was adverse under a claim of right." *Gault v. Bahm*, 826 S.W.2d 875, 881 (Mo.App.S.D.1992).

■ Cross appellant/respondent J.R. Mayer Enterprises, Inc. asserts, however, that the use of the road was permissive at the outset. While we acknowledge that a permissive use cannot ripen into a prescriptive easement, *Johnston v. Bates*, 778 S.W.2d 357, 362 (Mo.App.E.D.1989), and that the presumption of adversity does not apply when

there is evidence of prior permission, *Homan v. Hutchison*, 817 S.W.2d 944, 948 (Mo.App. W.D.1991), we do not believe that there is evidence of prior permission in this case. Here, cross appellant asserts that the easement contained in the deed of 1948 constitutes evidence of permission. This contention is flawed for two reasons: First, this alleged permission came from a previous owner of the *dominant* estate, and as such, would not constitute permission from the owners of the relevant *servient* land. Second, there is no indication that the easement contained in the deed of 1948 was a permissive easement. The easement passed along by the former owner of the dominant land may have originally been permissive, but it is equally likely that the easement had been bargained for, taken by prescription, or even invented by the seller of the dominant land. There is no evidence in the record, therefore, of a permissive use which would defeat the presumption of adverse use of the old roadway, which arises from the long and continuous use of the road by appellants. We conclude that a valid prescriptive easement existed over the location once occupied by the old roadway.

 Respondents caused a legal injury to appellants by their relocation of the roadway. Once the boundaries of an easement are defined through use, those boundaries cannot be changed without the consent of all parties. *Bladdick v. Ozark Ore Co.*, 381 S.W.2d 760, 765–66 (Mo.1964). A prescriptive easement is defined solely by its use during the prescriptive period. *Curran v. Bowen*, 753 S.W.2d 940, 943 (Mo.App.E.D. 1988). Therefore, after the prescriptive period, the boundaries of a prescriptive easement may not be changed without the consent of all parties. *Id.* It is undisputed that respondents blocked off the old roadway with fences and hedges, altered its shape, and moved it several feet to the west without consent of appellants. Consequently, we agree with the trial court that appellants suffered a legal wrong.

 The more pressing issue is whether equitable relief is appropriate to address this wrong. The trial court determined that equitable relief was not warrant-

ed here, and instead awarded money damages. We agree with this disposition. Equitable relief is discretionary, extraordinary, and should not be applied when an adequate legal remedy exists. *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 86 (Mo. banc 1989). Nor should equitable relief be granted when the injury is small. *RFS, Inc. v. Cohen*, 772 S.W.2d 713, 718 (Mo.App.E.D.1989). To determine appropriate relief in cases involving the use and enjoyment of easements, Missouri courts examine the benefits to the party claiming injunctive relief against the burdens to the other parties. *Hubert v. Magidson*, 243 S.W.2d 337, 343 (Mo.1951). We also consider the willfulness of the parties' wrongful actions. *Hanna v. Nowell*, 330 S.W.2d 595, 603 (Mo.App.1959).

 In this case, the injury to appellants appears to be small. Nothing in the record shows that the route of the old roadway was unique or valuable to the appellants. Nor have appellants averred any loss in value to their estate because of the changes. As the trial court found, the undesirable aspects of the new road stem largely from the lack of maintenance on the road and from minor construction defects, which can be corrected and/or compensated with the awarded sum of $7,500.00. In judge tried equity cases, we afford trial judges considerable deference on conclusions of fact. Here, we find that the weight of the evidence supports the finding that the injury to appellants was due chiefly to lack of maintenance and minor construction defects, and is compensable for $7,500.00.

The hardship to respondents, however, is much more substantial. If a mandatory injunction to move the road were granted, those respondents now living on the subdivided servient land would lose large portions of their yards, fences, plants, gardens, and childrens' play areas.

Appellants rightly point out that much of respondents' hardship was self-imposed. Respondent Mayer Enterprises moved the road, and other respondents made the new uses of the land while this lawsuit was pending. Appellants assert that these affirmative, intentional steps taken by respondents should ex-

tinguish any equitable considerations in their favor.

We agree that these intentional actions should weigh against respondents in equitable determination. *Hanna v. Nowell,* 330 S.W.2d 595, 603 (Mo.App.1959). However, we do not agree that this factor alone must dictate the outcome of our equitable inquiry. Appellants cite two foreign cases for the proposition that no balancing should take place when a party intentionally and wrongfully makes expensive changes to an easement: *LeClerg v. Zaia,* 28 Ill.App.3d 738, 328 N.E.2d 910 (1975), and *Ives v. Edison,* 124 Mich. 402, 83 N.W. 120 (1900). While we recognize the policy against allowing people to profit by their unjust trespasses which is expressed by these cases, we decline to lay down a blanket rule which would eliminate the traditional balance of the equities test, even under these circumstances. Courts in equity must remain free to consider all equitable considerations and to fashion flexible remedies to meet the needs of justice on a case by case basis. We fear that the blanket rule urged by appellants would overly restrict Missouri courts in equity.

The present action illustrates the case against a blanket rule that any intentional act by a party must bar all equitable considerations in his or her favor. In this case respondent Mayer Enterprises moved the road while this lawsuit was pending. This act, although intentional, was not so malicious that it should force an automatic injunction against the buyers of the lots and homes. Respondent Mayer Enterprises built the new road on a location which more perfectly fit the description in the recorded 1948 deed, under which appellants had originally claimed their interest in this lawsuit. It was substantially similar to and served the same purposes as the old road, and both roads traversed only the servient land. Although ultimately disproved in court, respondents' position was colorable under the terms of the deed of 1948. We agree with the trial court that respondents' actions were not so unclean as to warrant a court to turn its back on all other equitable considerations.

Judgment affirmed.

SMITH, P.J., and WHITE, J., concur.

EXHIBIT

ROAD LOCATION BEFORE
NOV. 6, 1987

ROAD LOCATION AFTER
NOV. 6, 1987

RESPONDENTS'
PROPERTY

APPELLANTS'
PROPERTY

APPELLANTS'
PROPERTY

RESPONDENTS'
PROPERTY

10'
"EASEMENT"
IN DEED OF
1948

10'
"EASEMENT"
IN DEED OF
1948