Stanley B. **NEWMARK,**
Plaintiff/Appellant,

v.

John S. **VOGELGESANG,**
Defendant/Respondent.

No. 67643.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 1996.

David G. Dempsey, St. Louis, for Appellant.

Briegel & Baylard P.C., David L. Baylard and Christopher W. Jensen, Union, for Respondent.

CRANDALL, Judge.

Plaintiff, Stanley B. Newmark, appeals from the judgment of the trial court, in plaintiff's court-tried trespass action against defendant John S. Vogelgesang. Plaintiff sought compensatory damages, an injunction, and a declaratory judgment. The trial court entered judgment in favor of plaintiff for $500.00 damages on plaintiff's trespass claim, entered judgment in favor of defendant on plaintiff's remaining claims, and awarded judgment to plaintiff on defendant's counterclaim. We affirm.

The properties involved in this litigation are situated at the intersection of Interstate 44 and Highway 47 in Franklin County. Defendant is the owner of a Mobil service station at this intersection. Defendant purchased the station from Mobil in 1988. Plaintiff's property borders defendant's property on three sides. Plaintiff leased the land south of defendant's service station to Hardee's restaurant, and the land north of defendant's station was previously leased to Shell Oil Company, although it was unoccupied at the time this action was brought. The remaining land was undeveloped.

In 1989, defendant demolished the existing station on his property and began constructing a larger facility. Plaintiff brought this action in 1990, alleging that defendant's improvements encroached upon plaintiff's adjacent land when defendant constructed a new gas station on his property. Plaintiff asked for an injunction requiring defendant to remove the alleged encroachments, alternatively for a judgment for both compensatory and punitive damages, and a declaratory judgment that plaintiff owed no duty of lateral support for defendant's improvements.

At trial, plaintiff's expert witness testified concerning his survey of plaintiff's property. According to plaintiff's expert, defendant's improvements encroached upon plaintiff's property in several areas: a concrete pad holding a Mobil sign (10.76 square feet), a concrete fuel pump pad (12 square feet), a light standard pad (2.25 square feet), a triangular portion of the paved lot (482.61 square feet), a portion of the building (15.43 square feet), and a portion of the building's footings (which the expert did not observe, but estimated to be 13.28 square feet). The total alleged encroachment was approximately 536.33 square feet. Of this total, 511.32 square feet lies to the south of a curb which had been installed by Mobil years before the defendant purchased the property and which the defendant believed constituted the property line.

Plaintiff's expert completed at least two surveys of defendant's property. The first

survey contained a line from the right-of-way of the south outer road 95.50 feet to the north (top) of defendant's property. The second survey denotes the same line as being 94.50 feet. The expert testified that he changed the number because he realized his original notation was incorrect, but that he made no alterations to his survey after he discovered the erroneous notation. He stated the erroneous measurement did not affect the scale of the survey, so no changes were necessary.

Due to the proximity of the claimed encroachment to the questioned property line and the minimal nature of the claimed encroachment, the trial court was unable to find and determine that the claimed encroachments involving the concrete pad holding the Mobil sign (10.76 square feet), a portion of the building (15.43 square feet), and a portion of the building's footings (13.28 square feet) constituted actual encroachments.

The trial court found the remaining claimed encroachments to be actual encroachments, but held that removal was not an appropriate remedy. Instead, the trial court ordered defendant to pay $500.00 to the plaintiff for the remaining 496.86 square feet of encroachments. The trial court denied plaintiff's request for injunctive and declaratory relief, stating that the plaintiff had an adequate remedy at law. The trial court entered judgment in favor of plaintiff on defendant's counterclaim.

Plaintiff raises several issues on appeal, one of which is a request for equitable relief. Plaintiff contends the trial court abused its discretion in failing to order removal of the encroachments because defendant demonstrated a lack of good faith.

■ "Equitable relief is discretionary, extraordinary, and should not be applied when an adequate legal remedy exists." *Umphres v. J.R. Mayer Enterprises, Inc.*, 889 S.W.2d 86, 90 (Mo.App.E.D.1994). When the injury is small, equitable relief should not be granted. *Id.* Whether an injunction ordering the removal of a part of a building which encroaches upon land of another should be granted is a matter of the trial court's discretion in balancing the equities. *Heinrich v. Hinson*, 600 S.W.2d 636, 640 (Mo.App.1980).

In "balancing the equities" consideration is given to all the equities between the parties as disclosed by the circumstances of each particular case and the conflicting conveniences of the respective parties, the willfulness of the encroaching party, and the conduct of the party whose land has been encroached upon regarding acquiescence and laches are some of the factors to be weighted in "balancing the equities". (citation omitted)

*Id.* at 640–641. Furthermore, equity will not usually interfere in trivial matters, or where the injunction will work little benefit to plaintiff and cause great hardship to defendant. *Hanna v. Nowell*, 330 S.W.2d 595, 603 (Mo. App.1959). In such cases, the plaintiff is limited to his legal remedy. *Id.*

■ Here, granting an injunction would cause great hardship to the defendant, as he would have to demolish one wall of his service station and remove several improvements, at great expense and inconvenience. The benefit to plaintiff here would be minor. He made no showing that the alleged encroachments interfere with the enjoyment or use of the remainder of his property. Additionally, the majority of the alleged encroachments (511.32 square feet) lies to the south of a curb which had been in existence for years before defendant purchased the property and which defendant believed constituted his property line. Plaintiff even testified that he was aware that the old curb and blacktop encroached on his property, but that he had told Mobil that it could maintain the blacktop until he needed the property. Plaintiff had acquiesced in the use of this property by defendant's predecessor in interest, and, although aware of defendant's construction, failed to warn him of the misleading nature of the curb. Defendant testified that he had believed that the land belonged to him. Under these circumstances, we find no abuse of discretion. Plaintiff's point is denied.

Plaintiff next addresses the measure of damages. Plaintiff argues that the trial court erred in assessing plaintiff's damages at $500.00, or approximately $1.00 per square foot for the three actual encroachments.

■ Generally, the proper measure of damages for trespass is the difference in the

value of plaintiff's property immediately before and immediately after the trespass or the cost of restoration, whichever was less. *Sperry v. ITT Commercial Finance Corp.,* 799 S.W.2d 871, 878 (Mo.App.1990). Here, plaintiff did not present evidence of the value of his property immediately before and immediately after the alleged trespass or of the cost of restoring his land to its prior condition. Any error in the award of damages, if any, would therefore be prejudicial to defendant, not plaintiff. Point denied.

 Finally, plaintiff claims the trial court erred in finding that three of the claimed encroachments were not actual encroachments and in failing to enter a declaratory judgment that plaintiff did not owe defendant a duty of lateral support. We have reviewed the record; the trial court's finding is supported by substantial evidence and is not against the weight of the evidence; no error of law appears. Likewise, the trial court did not err in denying plaintiff's request for declaratory judgment. A written opinion on these points would have no precedential value. Rule 84.16(b). Plaintiff's points are denied.

The judgment of the trial court is affirmed.

CRAHAN, P.J., and DOWD, J., concur.