Elbert A. WALTON, Jr.,
Respondent/Cross–
Appellant,

v.

CITY OF BERKELEY, Missouri,
Appellant/Cross–Respondent.

No. ED 81041.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 26, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 2003.

Application for Transfer Denied
Nov. 25, 2003.

sanctions and attorney fees is denied.

Donnell Smith, Smith & Associates, L.L.C., St. Louis, MO, for appellant.

Metro Law Firm, L.L.C., Elbert A. Walton, Jr., Leon M. Sutton, Sr., St. Louis, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J.

PER CURIAM.

Appellant/cross-respondent, City of Berkeley, Missouri ("city"), appeals the judgment of the Circuit Court of St. Louis County following a bench trial finding in favor of respondent/cross-appellant, Elbert A. Walton, Jr. ("plaintiff"). The trial court awarded plaintiff $156,049.82 for his wrongful removal claim. We affirm in part and reverse and remand in part.

Plaintiff is an attorney licensed to practice law in the State of Missouri. Plaintiff was duly appointed as the city attorney for city on or about November 19, 1996.

On January 29, 2001, plaintiff filed a two-count petition for damages against city. Count I was entitled "Wrongful Removal Of City Attorney." Count I alleged that city failed to pay in full all of the monthly retainers, extraordinary legal fees, and expense reimbursement owed to plaintiff from the "date of plaintiff's appointment as City Attorney up to date of the filing of the Petition herein and in the

future." Plaintiff claimed in Count I that he was entitled to these payments due to the alleged failure of the city council to ever approve his removal as city attorney as required by city's charter. Plaintiff prayed for "compensatory damages . . . in excess of $25,000.00, plus pre and post suit interest, plus attorney fees." Plaintiff also asked for punitive damages in excess of $1,000,000.

Count II was a breach of contract action. On or about March 1, 1997, plaintiff and city entered into a contract agreeing to the fees to be paid for expenses and legal services provided by plaintiff. The contract was modified on or about April 1, 1998. Count II claims that city "purported to remove said contracts in violation of the terms thereof without neither the prior notice provided for under said contracts nor the hearing provided therefor nor the showing of cause for termination of said contract." Plaintiff asked for money damages in excess of $25,000 suffered from the date of the alleged breach of contract.

Before any evidence was heard in the case, the trial court determined that plaintiff's Count II breach of contract action was a legal action. Count I for wrongful removal was determined to be an equitable claim. The trial court reasoned that Count I was based on an appointment to the position of city attorney, and the trial court stated "[t]here is no legal cause of action for someone under an appointment that I can think of." The trial court declared the jury would decide any contract issues under Count II, and the trial court would decide any issues under Count I.

After plaintiff presented all of his evidence, the trial court entered a directed verdict dismissing Count II because it found the contracts were never lawfully executed and thus unenforceable under the law. The trial court next dismissed the jury, and proceeded to hear city's evidence

relating to Count I. City objected at this point to proceeding without the jury because city claimed plaintiff never filed Count I as an equitable claim. The trial court denied the objection.

City's evidence revealed that in September of 1998, January or February of 1999, and May of 1999, the city manager recommended the removal of plaintiff as city attorney. There was some dispute as to whether the city council voted in favor of removal of plaintiff as city attorney on each occasion that the recommendation of removal was made to the city council. Among the evidence city attempted to introduce to prove the city council voted to remove plaintiff was oral testimony. City called their first witness Kenneth McClendon ("McClendon"), a councilman, to testify that the city council voted to remove plaintiff at city council meetings. During McClendon's testimony, plaintiff objected to the admission of oral testimony as to what took place at the council meetings. Plaintiff contended the minutes of the council meetings were the best evidence as to what happened at the city council meetings. The trial court sustained the objection until city could provide evidence as to why the minutes of the council meetings were not available.

Subsequently, city interrupted the testimony of McClendon, and called the custodian of records ("custodian") for city to testify that she produced all files, including minutes of city council meetings, related to plaintiff that were within the files of city. Custodian testified that some of the minutes of city council meetings were missing. Based on the foundation laid by custodian, the trial court allowed the introduction of oral testimony of McClendon and other witnesses as evidence of whether the city council voted in favor of removal of plaintiff at certain city council meetings.

The trial court issued its judgment and found that plaintiff "did not prove that he was not lawfully discharged upon at least one occasion." The trial court set the date of discharge as May 26, 1999, which was the date plaintiff admitted a letter was sent to him by the city manager purporting to remove him as city attorney. However, plaintiff was granted a total of $156,049.82 earned through May 26, 1999, for retainers, expenses, and extraordinary fees. City appeals and plaintiff files a cross-appeal.

■ In its only point on appeal, city argues the trial court lacked authority to grant equitable relief to plaintiff under Count I of plaintiff's petition alleging wrongful removal. We agree.

■ Equitable relief is extraordinary and should not be applied when an adequate legal remedy exists. *Newmark v. Vogelgesang,* 915 S.W.2d 337, 339 (Mo.App. E.D.1996). Furthermore, to invoke equity jurisdiction the party seeking equitable relief must plead and prove there is no adequate remedy at law. *Blue Cross Health Services v. Sauer,* 800 S.W.2d 72, 76 (Mo. App. E.D.1990). Pleading and proving the lack of an adequate remedy at law are jurisdictional, and their absence may be taken advantage of by the adverse party at any stage of the proceedings, or even by the court itself. *Kerber v. Alt,* 275 S.W.2d 604, 606 (Mo.App.St.L.Dist., 1955).

■ A circuit court does not possess the jurisdiction to grant equitable relief where there is an adequate remedy at law. *Schildknecht v. Director of Revenue,* 901 S.W.2d 348, 349 (Mo.App. E.D.1995). Normally, to distinguish between a legal and equitable action courts look to the remedy requested. *Hammons v. Ehney,* 924 S.W.2d 843, 846 (Mo.banc 1996). Ordinarily, an action that seeks only money damages is an action at law rather than

equity. *State ex rel. Diehl v. O'Malley,* 95 S.W.3d 82, 86 (Mo.banc 2003). "If the pleadings do not contain an equitable claim, the case is not in equity." *Id.* at 89.

In this case, the trial court found that Count I was sufficiently similar to the cause of action in *Edwards v. Schoemehl,* 765 S.W.2d 607 (Mo.banc 1989), in determining that plaintiff had an equitable cause of action under Count I. In *Edwards,* the plaintiff, a City Court Judge for the City of St. Louis appointed for a term which had yet to end, filed a suit challenging the propriety of his suspension without pay, which he was notified of via a letter signed by the deputy chief of staff for the mayor. *Id.* at 607–08. The Missouri Supreme Court held the suspension procedure was fatally flawed because the mayor failed to demonstrate that the decision to suspend, which was conferred only upon the mayor by the city charter, was actually the decision of the mayor. *Id.* at 609–10. *Edwards* can be distinguished from this case.

First, *Edwards* involved a challenge to a suspension procedure, not a wrongful removal claim as in this case. Second, the plaintiff in *Edwards* sought not only back pay from the date of his suspension, but also sought and received reinstatement as a city court judge. *Id.* at 610. In this case, plaintiff did not seek both money damages and reinstatement under Count I of his petition, rather plaintiff sought only money damages for relief. Plaintiff admitted, during testimony at trial, that he held the position of "City Attorney for the City of Berkeley from November of 1996 to May of 1999." However, plaintiff did not, in Count I of his petition, seek reinstatement to his former position as city attorney. The trial court stated, before evidence was heard in this case, that plaintiff "was not seeking reinstatement" under his wrongful removal claim.

Furthermore, plaintiff did not plead or present any evidence that there was not an adequate remedy at law for the cause of action raised in Count I of his petition. In fact, during a pre-trial conference with the trial court, counsel for plaintiff stated "we're seeking money damages, I think that we're not asking, as in [the] *Edwards* case, . . . [for] reinstatement of a salaried employee." As stated above, plaintiff only sought money damages. Where only money damages are sought it is generally considered an action at law rather than equity. The trial court on its own decided to treat Count I as an equitable cause of action, because the trial court did not "know if there was a legal theory that would fit this first count." We find this was in error because based on the petition there was an adequate remedy at law, money damages, upon which relief could be granted. Thus, the trial court did not have jurisdiction to grant plaintiff equitable relief under Count I. Therefore, we reverse and remand for further proceedings as to Count I. Point granted.

■ Plaintiff, in the only point on his cross-appeal, claims the trial court erred in admitting parol evidence that the city council had approved his removal. Plaintiff argues the best evidence of the actions of a city council are the minutes or records of actions taken by the council, and therefore any oral testimony as to the action of the city council is inadmissible hearsay. Plaintiff claims he put on evidence that he would have earned $85,000 as city attorney between June, 1999 and the date of the trial and without the parol evidence there was no evidence that he had been lawfully terminated. Therefore, plaintiff asserts that he should have been awarded $85,000 in addition to the amount he was awarded by the trial court. We disagree.

■ Where the law requires a record of the facts to be kept, the record is the best evidence of the facts, and primarily, is the only evidence by which the facts may be shown. *Williams v. Longtown School Dist. No. 71 of Perry Co.,* 468 S.W.2d 673, 675 (Mo.App.St.L.Dist., 1971). The best evidence rule represents the law's preference of the best evidence capable of production, but the best evidence rule does not preclude the introduction of secondary evidence. *Schnucks Twenty–Five, Inc. v. Bettendorf,* 595 S.W.2d 279, 283 (Mo.App. E.D.1979). When complaints concerning relevancy and the best evidence rule are introduced, the trial court has broad discretion and will only be reversed in cases of clear abuse. *Grand & St. Louis Enterprises v. Powell,* 807 S.W.2d 129, 131 (Mo.App. E.D.1991).

■ Generally, a court may allow the introduction of secondary evidence if the offering party demonstrates that the primary evidence is "lost or destroyed, is outside the jurisdiction, is in the possession or control of an adversary, or is otherwise unavailable or inaccessible to him, or is voluminous or complicated." *Walsh v. St. Louis Nat. Baseball Club,* 822 S.W.2d 559, 565 (Mo.App. E.D.1992) (*quoting Schnucks Twenty–Five, Inc.,* 595 S.W.2d at 283). The offering party need not prove the unavailability or nonexistence of the primary evidence beyond the possibility of mistake. *Id.*

Custodian testified that some of the relevant minutes of city council meetings were missing. Furthermore, a significant amount of time had passed between the filing of the minutes of the 1998 and 1999 city council meetings and the start of the trial on March 4, 2002. Based on custodian's testimony and the length of time between the filing of the minutes and the trial, it was reasonable for the trial court to conclude the minutes of relevant city council meetings were lost, destroyed, or otherwise unavailable or inaccessible. *See*

*Id.* Therefore, this was not a case in which the trial court clearly abused its broad discretion in deciding that a sufficient foundation had been laid for the introduction of oral testimony concerning whether the city council had approved the removal of plaintiff. Thus, oral testimony was properly admitted and properly served as a basis to support the finding plaintiff had been lawfully discharged. Point denied.

Accordingly, we affirm in part, and we reverse and remand in part for further proceedings consistent with this opinion.