Elbert A. WALTON, Jr., Appellant,

v.

CITY OF BERKELEY, Missouri,
Respondent.

No. ED 84477.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 22, 2005.

Elbert A. Walton, Jr., St. Louis, MO, pro se.

Donnell Smith, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Elbert A. Walton, Jr. (Walton) appeals from the trial court's judgment granting a directed verdict in favor of the City of Berkeley on Walton's claim for wrongful removal as the city attorney for the City of Berkeley. Walton contends the trial court abused its discretion in denying his motion to amend his petition, and erred in directing a verdict in favor of the City of Berkeley. We reverse and remand.

This is the second appeal from a petition filed by Walton against the City of Berkeley. Walton was duly appointed as the city attorney for the City of Berkeley on or about November 19, 1996 when the acting city manager, Roosevelt Sims, recommended Walton to be appointed the city attorney and the council approved Walton's appointment as the city attorney. Pursuant to Ordinance No. 3401, passed January 21, 1997, the mayor of the City of Berkeley was authorized and directed to enter into a contract with Walton to be the city attorney. Thereafter, on or about March 1, 1997, the city manager, Margie Hollins, pursuant to Section 13 of the City Charter of Berkeley, which authorizes the city manager to appoint the city attorney with the approval of the city council, executed a contract with Walton to agree to the terms and compensation of his appointment as the city attorney. A copy of Ordinance No. 3401 was attached to the contract executed by the city manager and Walton. Thereafter, the city manager was terminated and the city council passed a motion granting the mayor power to enter into employment contracts. On April 1, 1998, the mayor and Walton entered into a contract modifying the March 1, 1997 contract. The compensation fixed by Ordinance No. 3401 remained the same. However, the terms of terminating Walton as city attorney were modified and additional compensation for standing in as the city prosecutor was embodied in the modified contract.

Beginning in April 1998, after an election for city council members, there were disagreements and legal actions regarding who were the council members for the City of Berkeley. According to the City of Berkeley, in September 1998, January or February 1999, and May 1999, the city manager recommended the removal of Walton as the city attorney. There was some dispute as to whether the city council voted in favor of the removal of Walton as the city attorney on each occasion that the recommendation of removal was made to the city counsel. Walton acted as the city attorney until May 1999 when he was precluded from attempts to exercise his duties in that capacity.

In January 2001, Walton filed a two-count petition against the City of Berkeley. In Count I, entitled "Wrongful Removal of City Attorney," Walton alleged the City of Berkeley failed to pay in full all of the monthly retainers, extraordinary legal

fees, and expense reimbursement owed to Walton from the "date of [Walton's] appointment as City Attorney up to date of the filing of the Petition herein and in the future." Walton claimed he was entitled to these payments due to the alleged failure of the city council to ever approve his removal as the city attorney as required by the City of Berkeley's charter. In Count II, Walton sought damages for breach of contract. Walton alleged that on or about March 1, 1997, he and the City of Berkeley entered into a contract agreeing to the fees to be paid for expenses and legal services provided by Walton as city attorney. The contract was modified on or about April 1, 1998, the fees to paid Walton as the city attorney remained the same and additional compensation for standing in as the city prosecutor was embodied in the modified contract. In Count II, Walton claimed that the City of Berkeley purported to remove him as the city attorney in violation of the terms of the contract without either the prior notice provided for under the contracts or a hearing to the show cause for termination.

Before any evidence was heard in the case, the trial court sua sponte determined that Walton's breach of contract action in Count II was a legal action and determined, relying on *Edwards v. Schoemehl,* 765 S.W.2d 607 (Mo. banc 1989), that the wrongful removal action in Count I was an equitable claim. The trial court resolved that the jury would decide any contract issues under Count II, and the trial court would decide any equitable issues under Count I.

After Walton presented all of his evidence on both counts, the City of Berkeley moved for directed verdict on Count II, the breach of contract claim. The trial court entered a directed verdict dismissing Count II because it found the contracts were never lawfully executed because the contract was executed by the mayor who did not have authority under Section 432.070, RSMo 2000 to execute the contracts, and thus were unenforceable under the law. In addition, the trial court again sua sponte determined, relying on the *Edwards* case, that the wrongful removal action in Count I was an equitable claim. The trial court found that the pleading in Count I would be deemed amended to conform to the evidence as presented. The City of Berkeley objected and claimed *Edwards* was distinguishable. The City of Berkeley moved for directed verdict on Count I, which the trial court denied. Thereafter, the trial court dismissed the jury and proceeded to hear the City of Berkeley's evidence relating to Count I. The City of Berkeley objected to proceeding without the jury because Walton did not file Count I as an equitable claim. The trial court denied the objection.

After the presentation of all the evidence, the trial court found that Walton was discharged as of May 26, 1999, which was the date Walton admitted a letter was sent to him by the city manager purporting to remove him as city attorney. The trial court entered a judgment in favor of Walton in the amount of $156,049.82 for retainers, expenses, and extraordinary fees earned through May 26, 1999. The City of Berkeley appealed the judgment and Walton cross-appealed. *Walton v. City of Berkeley,* 118 S.W.3d 617 (Mo.App. E.D. 2003).

On appeal, the City of Berkeley argued the trial court lacked authority to grant equitable relief to Walton under Count I of Walton's petition alleging wrongful removal. *Id.* at 620. This court agreed finding Count I of Walton's petition sought only money damages and therefore was an action at law rather than equity. *Id.* at 621. The *Edwards* case, which was relied on by the trial court in determining Count I was

an equitable action, was distinguished on the grounds that in that case, the plaintiff challenged a suspension proceeding, not a wrongful removal claim, and the plaintiff sought both reinstatement and back pay, not just money damages. *Id.* at 620–21. This court held the trial court lacked jurisdiction to grant Walton equitable relief under Count I and reversed and remanded for further proceedings as to Count I. *Id.* at 621. This court also denied Walton's cross-appeal point alleging trial court error in admitting parol evidence that the city council had approved Walton's removal. *Id.*

On remand, Walton promptly filed a motion for leave to file an amended petition. Walton subsequently filed his first amended petition seeking reinstatement as the city attorney and for back pay and money damages. Thereafter, the trial court entered a directed verdict in favor of the City of Berkeley on Count I finding insufficient pleadings and proof of a valid written contract. The trial court based its grant of directed verdict on the City of Berkeley's previous motion for directed verdict with respect to the pleading and proof of breach of contract. At the time the trial court entered its judgment for directed verdict, the City of Berkeley had not filed any motions or responses in the case on the remand. In addition, the trial court denied Walton's motion for leave to amend

his petition as not timely filed.[1] Walton now appeals.

In his first point, Walton contends the trial court abused its discretion in denying Walton leave to amend his petition. We agree.

Rule 55.33(a) mandates that "leave [to amend] shall be freely given when justice so requires." The trial court has broad discretion to permit amendment of the pleadings at any stage of the proceedings. *Asmus v. Capital Region Family Practice*, 115 S.W.3d 427, 432 (Mo.App. W.D.2003). Amendments to pleadings in cases on general remand are permissible and motions to amend are directed to the sound discretion of the court. *Arnold v. Ingersoll–Rand Co.*, 908 S.W.2d 757, 760–61 (Mo.App. E.D.1995). The following factors should be considered in deciding whether to grant leave to amend a petition: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. *Sill v. Burlington Northern Railroad*, 87 S.W.3d 386, 395 (Mo.App. S.D.2002).

Here, Walton will most definitely suffer a hardship by the trial court's failure to grant leave. The trial court entered

---

1. The trial court's judgment, in its entirety, provides:

   The Court finds from the evidence presented at trial, and the allegations pled in Count I, that there are insufficient pleadings and insufficient proof of a valid written contract herein which complies with Section 432.070 RSMO. In accordance with Section 432.070 RSMo., any duty of a city-defendant to pay plaintiff from their agreement or acceptance of services is void. This Section requires that a written, detailed, and authorized contract is a prereq-

   uisite to Plaintiff's recovery. Defendant timely objected and moved for a directed verdict with respect to the pleading and proof of a breach of contract or other legal remedy at trial, pg. 395, 402. Plaintiff's motion to amend Count I filed on February 19, 2004 is denied as not timely filed. Filing of the first amended petition on March 9, 2004 is denied. In accordance with the Mandate herein, which remands the case for further proceedings, the Court sustains Defendant's Motion for Directed Verdict and enters Judgment for Defendant.

a directed verdict in favor of the City of Berkeley on Count I of his original petition because there was insufficient evidence of a contract, thereby treating Count I of Walton's original petition like a legal claim on the contract. Walton's amended petition attempts to clarify the type of action he is filing in accordance with the trial court's ruling in the original trial. At the original trial, the trial court made a determination that Count I would be treated like an equitable cause of action in accordance with the *Edwards* case, and deemed the pleadings amended to conform to the evidence presented. Thus, at the original trial there was no need for Walton to seek leave to amend his pleadings in the original proceedings based on the trial court's sua sponte determination to treat the claim as an equitable one. On remand, Walton did seek leave to amend his pleadings in Count I asking for reinstatement along with back pay and money damages, and it appears the amended petition could cure the inadequacy of Count I of the original petition. Walton's amended petition attempts to plead an equitable cause of action more like the equitable action brought in the *Edwards* case, which is the approach the trial court endeavored to take in the original trial. Furthermore, the City of Berkeley has not set forth any injustice or prejudice it would encounter if Walton was allowed to file his first amended petition.

Under the circumstances of this case, we find the trial court abused its discretion in denying Walton's leave to amend. There appears to have been some confusion as to what Walton was asking for in Count I of his petition and an amended petition could have cured any deficiencies and confusion. Therefore, the trial court should have granted Walton leave to amend Count I of his petition. Point granted.[2]

Thus, we reverse the trial court's judgment entering directed verdict. The cause is remanded to the trial court with directions to grant Walton leave to amend his pleadings[3] and for further proceedings consistent with this opinion.

PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.

---

2. We need not address Walton's second point on appeal, claiming trial court error in entering directed verdict in favor of the City of Berkeley, because of our disposition of Walton's first point.

3. We remind the parties that to invoke equity jurisdiction a party seeking equitable relief must plead and prove there is no adequate remedy at law and the trial court lacks jurisdiction to grant equitable relief where there is an adequate remedy at law. *Blue Cross Health Services, Inc. v. Sauer*, 800 S.W.2d 72, 76 (Mo.App. E.D.1990).