**Elbert A. WALTON, Jr., Plaintiff/Respondent,**

v.

**CITY OF BERKELEY, MO, Defendant/Appellant.**

**No. ED 90211.**

Missouri Court of Appeals, Eastern District, Division Two.

July 8, 2008.

Application for Transfer Denied Oct. 28, 2008.

Donnell Smith, St. Louis, MO, for appellant.

Bernard F. Edwards, St. Louis, MO, for respondent.

Elbert A. Walton, Jr., St. Louis, MO, pro se.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant, the City of Berkeley, appeals the judgment of the Circuit Court of Saint Louis County entered in favor of the plaintiff, Elbert Walton, Jr., in the total amount of $349,726.82. The judgment awards Walton $156,049.82 in back pay and expense reimbursements, reinstatement to his former position as city attorney for the City of Berkeley from September 1998 to May 1999, and prejudgment interest in the amount of $193,677. We reverse and render judgment for the City pursuant to Rule 84.14, which allows us to give such judgment as the court ought to give.

This is the fourth judgment entered in the case and the fourth appeal to this Court. Following this Court's decision on the third appeal, *Walton v. City of Berkeley*, ED87078, 2006 WL 2472920 (Mo.App. E.D. Aug.29, 2006), the case was transferred to the Supreme Court, *Walton v. City of Berkeley*, 223 S.W.3d 126 (Mo. banc 2007)(*Walton III* ). We relate the procedural history of this case as presented in the Supreme Court's opinion, and we borrow freely from that opinion without further citation.

Walton was appointed city attorney for the City of Berkeley in November 1996 upon the acting city manager's recommendation and after a vote of the city council. Walton and the City purported to enter contracts in 1997 and 1998 agreeing to the legal fees and expenses that the City would pay Walton. On three later occasions, the city manager sought Walton's removal, and in May 1999, as determined by the trial court, the City lawfully dis-

charged Walton. Walton filed suit against the City, alleging wrongful removal as city attorney and breach of the parties' two contracts. Both counts sought money damages for unpaid monthly retainers, fees for extraordinary services, and expense reimbursements.

Before the jury heard any evidence at trial, the court determined, *sua sponte*, that Walton's wrongful-removal claim was equitable in nature, so the jury would decide the breach-of-contract claim while the court would decide the wrongful-removal claim. After hearing Walton's evidence, the trial court directed a verdict dismissing the contract claim because it found that the contracts were never lawfully executed and thus were unenforceable. The court then dismissed the jury over the City's objection, heard the City's evidence on the wrongful-removal claim, and awarded Walton $156,049.82 for monthly retainers, extraordinary fees, and expenses. The trial court made its award despite its express finding that Walton had failed to prove he was unlawfully discharged.

The City appealed, Walton cross-appealed, and this Court overturned Walton's money judgment. *Walton v. City of Berkeley*, 118 S.W.3d 617, 621 (Mo.App. E.D.2003) (*Walton I*). We held that the trial court lacked jurisdiction to grant Walton equitable relief because Walton sought only money damages and "did not plead or present any evidence that there was not an adequate remedy at law for the cause of action raised in [the wrongful-removal count] of his petition." *Id.* Walton's cross-appeal did not challenge the trial court's dismissal of the breach-of-contract count. His only claim challenged admission of evidence that the city council approved his removal, and this Court denied Walton's

cross-appeal. *Id.* at 621–22. We reversed and remanded the case for further proceedings on Walton's wrongful-removal claim, but affirmed the trial court's judgment in all other respects. *Id.*

On remand, the trial court directed a verdict dismissing the wrongful-removal claim. The trial court found there were "insufficient pleadings and insufficient proof of a valid written contract which complies with Section 432.070 RSMo.... This Section requires that a written, detailed, and authorized contract is a prerequisite to [Walton's] recovery." The trial court denied Walton's motion to amend his petition as untimely filed. On the second appeal, in *Walton v. City of Berkeley*, 158 S.W.3d 260, 264 (Mo.App. E.D.2005)(*Walton II*), this Court noted "some confusion as to what Walton was asking for in [the wrongful-removal count] of his petition and an amended petition could have cured any deficiencies and confusion." We concluded that the trial court abused its discretion in denying Walton leave to amend, and reversed and remanded so that Walton could amend his petition. *Id.*

Following the remand in *Walton II*, Walton filed his "First Amended Petition for Injunction, Reinstatement and for Back Pay for Wrongful Removal of City Attorney." [1] The amended petition merges the contract and wrongful-removal claims contained in Walton's original petition. The amended petition asserts that, "Plaintiff has no adequate remedy at law," but pleads no facts to support this conclusion. Walton prays for the following relief: 1) a permanent injunction enjoining the City from enforcing his termination; 2) a declaration that the letter of removal sent to Walton is null and void; 3) a

1. One page is missing from the copy of the petition in our record in this case and was missing from the record in *Walton III* as well.

*Walton*, 2006 WL 2472920 app. (Romines, J., dissenting).

judgment voiding all actions taken to effect Walton's removal; 4) reinstatement to his position as city attorney; 5) compensatory damages for back pay, unpaid retainers, unpaid extraordinary services, unpaid expenses, interest, and attorney fees; 6) punitive damages; and 7) an injunction enjoining the City from either removing Walton or preventing him from exercising his authority as city attorney until such time as the city manager and city council grant Walton a hearing and approve his removal. Based solely on the record of the first trial, and hearing no new evidence, the trial court ruled that Walton's 1997 contract—twice previously declared unenforceable by the same court on the same record—*was* enforceable "under the doctrine of substantial compliance." The trial court then awarded Walton money damages of "$181,049.82 together with lawful interest from today's date."

The City filed the third appeal in the case, claiming that the trial court erred in granting equitable relief on Walton's amended petition. *Walton*, 2006 WL 2472920, at \*1. In a 2–1 decision, this Court held that Walton's first amended petition adequately invoked the equitable jurisdiction of the trial court, and the court "properly received evidence and rendered its decision." *Id.* at \*1–2. The dissenting judge certified the case to the Missouri Supreme Court. The Supreme Court applied the law-of-the-case doctrine to hold that the trial court's third judgment could not stand because the trial court had dismissed, without challenge, Walton's breach-of-contract claim and ruled on Walton's equitable claim that he was not wrongfully discharged. *Walton III*, 223 S.W.3d at 130–31. The Supreme Court concluded:

> Since the trial court has ruled against Walton's wrongful termination claim, and this Court now holds that Walton cannot proceed under a breach of contract theory, it is unclear whether Walton has any cause of action left in law or equity. However, this Court remands to the trial court for further consideration of any *other* claims for relief that might be gleaned from the amended petition.

*Id.* at 131 (Emphasis ours).

The trial court considered the case for the fourth time and again based its decision on Walton's first amended petition. The trial court awarded Walton $156,049.82 in back pay and expenses, reinstatement to his former position as city attorney from September 1998 to May 1999, and pre-judgment interest in the amount of $193,677, for a total award of $349,726.82. The City appeals. We must affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

 The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal. *Walton III,* 223 S.W.3d at 128–29. The doctrine governs successive adjudications involving the same facts and issues. *Id.* at 129. Generally, a court's decision is the law of the case for all points presented and decided, as well as for those matters that arise prior to the first adjudication that could have been raised but were not. *Id.*

Any claim based on breach of contract is precluded by the doctrine of law of the case because the trial court dismissed Walton's contract claim, and Walton never appealed that dismissal. *Walton III,* 223 S.W.3d at 130–31. As the Supreme Court also recognized, the trial court expressly ruled in its first judgment that Walton was not unlawfully discharged. *Id.* at 130.

Walton never successfully challenged that ruling. *See Walton I*, 118 S.W.3d at 621–22 (holding trial court properly admitted evidence that supported finding that Walton was lawfully discharged). In its first judgment, the trial court found that "[Walton] did not prove that he was not lawfully discharged upon at least one occasion. Because the evidence is not clear as to when [Walton] was discharged, the last date of May 26, 1999 will be used." In its fourth judgment, the trial court made "the same findings and conclusions as in its [first judgment], with respect to the termination of [Walton] on May 26, 1999." Therefore, the trial court's award of back pay, reinstatement, and interest contained in its fourth judgment was precluded by the trial court's prior determination, which was affirmed in *Walton I*, that Walton was not unlawfully removed. *See Walton III*, 223 S.W.3d at 131. The law-of-the-case doctrine applies to Walton's wrongful-removal claim just as it applies to his breach-of-contract claim.

In its remand, the Supreme Court pointed out that it was "unclear whether Walton has any cause of action left in law or equity." *Id.* The Supreme Court "remand[ed] to the trial court for further consideration of any *other* claims for relief that might be gleaned from the amended petition." *Id.* (Emphasis ours). In proceedings following remand, the trial court asked Walton repeatedly whether he had any other legal theory to present, and each time Walton replied that he did not. In further proceedings on the question of theories that Walton could present, Walton's counsel claimed only that "if Mr. Walton was not properly removed, he had the right to request what's called emolument of office, meaning for the [c]ourt to declare he continued to be the titled city attorney for a period of time." But the trial court had already determined that the City *had* lawfully discharged Walton, and this Court

affirmed that part of the judgment. *Walton I*, 118 S.W.3d at 622. The trial court's fourth judgment states that, "The parties have offered no additional evidence to supplement the record." It continues, "The parties agree that there are no additional legal or equitable theories or evidence beyond the Court's findings herein." This judgment, for the first time, reinstated Walton to the position of city attorney from September 1998 to May 1999 and expressly characterized part of the monetary award as back pay. The trial court rendered this decision even though it previously determined that Walton failed to prove he was unlawfully discharged and such determination was never successfully appealed.

Despite the Supreme Court's narrow remand to consider any *other* claims that Walton might have, the trial court again entered judgment on Walton's precluded equitable claim for wrongful removal. The trial court erroneously applied the law because the doctrine of law of the case applies to Walton's wrongful-removal claim as well as to his contract claim. Therefore, the trial court's most recent judgment cannot stand, and we reverse the trial court's fourth judgment.

■ We decide appeals on the basis of the record that is presented. Walton's contractual claim is precluded. Walton's equitable claim is precluded. The Supreme Court's narrow remand was to consider *other* claims for relief. Walton has failed to amend his petition to assert any new claim. He has adduced no evidence. He has announced no new legal theory. Rule 84.14 allows us to "give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." On review, we may dispense with a remand and render the judgment that the trial court should

have rendered when the record and evidence give us confidence in the reasonableness, fairness, and accuracy of the conclusion reached. *LaRocca v. LaRocca*, 135 S.W.3d 522, 526 (Mo.App. E.D.2004). This is such a case. Pursuant to Rule 84.14, we render judgment for the City.[2]

ROY L. RICHTER, J., and KURT S. ODENWALD, J., concur.

---

2. All pending motions are denied.