STATE OF MISSOURI at the relation of ANDERSON MOTOR SERVICE COMPANY ET AL. v. PUBLIC SERVICE COMMISSION and PERRY A. BROOKS Appellants.—154 S. W. (2d) 777.

Division Two, April 3, 1941.

Rehearing Denied, September 25, 1941.

Motion to Transfer to Banc Overruled, October 25, 1941.

*H. P. Lauf* and *John O. Bond* for Perry A. Brooks.

*James H. Linton,* General Counsel, and *Daniel C. Rogers,* Assistant Counsel, for Public Service Commission.

*D. D. McDonald* and *June R. Rose* for respondents.

COOLEY, C.—This cause was originally appealed to the Kansas City Court of Appeals from a judgment of the Circuit Court of Cole County reversing a decision of the Public Service Commission. The Court of Appeals, in an opinion written by BLAND, J., and concurred in by KEMP, J., affirmed the circuit court's judgment. SHAIN, P. J., dissented and at his request the cause was certified to this court and is here for disposition as though originally brought here on appeal. The majority and dissenting opinions of the Court of Appeals are published in State ex rel. Anderson Motor Service Company et al. v. Public Service Commission et al., 234 Mo. App. 470, 134 S. W. (2d) 1069.

The cause originated before the Public Service Commission September 11, 1934, when appellant Brooks, doing business as Brooks Truck Company, filed with the Commission an application for authority to consolidate several truck lines operated by him between various points in Missouri, on which he was compelled to charge and was charging local rates, or what might be termed a combination of local rates; that is, to illustrate, if he had a shipment of freight, say from Kansas City to some point not on the initial authorized shipping route but on another route operated by him he would have to transfer the freight from one truck line to another and charge a combination of what may be termed the local rates, amounting to substantially more than a through rate would be from point of origin to point of ultimate destination and, he contended, to the inconvenience ▮▮▮ and detriment of the shipping public. Under his various certificates he was operating truck lines serving sixty or sixty-five towns in central Missouri; with authority to transport freight from Kansas City and St. Louis to and from some of these towns but had been prohibited by the Commission from transporting freight between Kansas City and St. Louis and between those cities and certain of the other sixty or sixty-five towns. The granting of the application sought by Brooks would permit him to transport merchandise between Kansas City and St. Louis and between certain other points, which authority had theretofore been denied him. He sought in his application permission to consolidate his various truck lines and to charge through rates.

Respondents here and others protested the granting of the authority sought by Brooks. A hearing was had before the Commission at which evidence was offered by the applicant and by the protestants. The Commission granted the authority sought by applicant Brooks, except between points where protestant motor carriers were furnishing service. Thereafter, pursuant to statutory provisions, there were "rehearings" by the Commission, but no additional evidence was taken. Several "supplemental reports and orders" were issued by the Commission, in which the members of the Commission were divided in opinion. Some of those "supplemental orders and reports," by majority vote of the Commission, granted Brooks the full relief he sought, others not. Finally the matter reached the Circuit Court of Cole County, on statutory certiorari for review, where the last previous "Supplemental Order and Report" (No. 4) of the Commission, denying Brooks the authority sought, was by the circuit court reversed and the cause was remanded to the Commission "for further action." From that decree of the circuit court the Public Service Commission and the protestants appealed to the Kansas City Court of Appeals, which court affirmed the circuit court judgment, on motion, on the ground that the appeal had not been perfected as by statute required, but without discussing or considering the merits of the case. Upon receipt of the appellate court's mandate the Commission, without further hearing or notice to parties interested, issued its "Supplemental Order and Report No. 5," which, in effect, gave Brooks the relief he sought.

The case again went to the Cole County Circuit Court on certiorari for review. On application of respondents (protestants) a change of venue was awarded because of the alleged bias and prejudice of the late Judge Nike Sevier, then regular judge of the Cole County Circuit Court, and Hon. Ransom A. Breuer, another circuit judge, was called in to try the case. The case was tried before Judge Breuer and a decree rendered, reciting in substance that in issuing Supplemental Order and Report No. 5 the Commission did not make a finding of facts but substituted the finding of facts made by the Circuit Court of Cole County for its finding of facts, "to-wit, that the shipping public will be benefited by granting the authority sought, and that the Public Service Commission did not find that public convenience and necessity required the through service authorized in said Supplemental Report and Order No. 5;" and the court ordered and adjudged that the Commission's order be set aside and the cause remanded to the Commission for further proceedings. It is from this judgment that the present appeal was taken. The case was fully briefed in the Court of Appeals. No new or additional briefs have been filed here.

The majority opinion of the Court of Appeals, written by BLAND, J., states the facts fully and in detail, and decides the legal questions

616

presented. We have reached the conclusion that it sufficiently determines the issues presented on this appeal. The opinion is long, necessarily so because of the voluminous record—the abstract of record comprising over 950 printed pages—and the numerous contentions advanced in briefs of counsel. We can see no good reason for cumbering the books by repeating what is said in said majority opinion of the Court of Appeals. We, therefore, adopt said majority opinion as our opinion, and refer the reader to the above mentioned published reports for detailed statement of the facts and discussion of the legal propositions involved. We think the judgment of the circuit court should be affirmed. It is so ordered. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.