**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lamont D. KRESS, Defendant–Appellant.**

**No. 94–4091.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1995.

Decided June 26, 1995.

---

Alan P. Caplan, San Francisco, CA, argued, for appellant.

Michael G. Heavican, Omaha, NE, argued (Thomas J. Monaghan, on the brief) for appellee.

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Lamont Kress appeals from the district court's [1] interlocutory order denying his motion to dismiss one count of a multi-count indictment. For reversal, Kress argues his double jeopardy rights would be violated if he is tried on this count in that he was previously acquitted of the same. Because we believe the issue has been waived,. we affirm.

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

1. Honorable William G. Cambridge, United States District Court Judge for District of Nebraska.

## BACKGROUND

Appellant, along with a number of co-defendants, was charged by superseding indictment with 33 counts involving conspiracy to distribute and possession with intent to distribute methamphetamine, as well as various substantive crimes committed in furtherance of the conspiracy. Appellant was tried with four other individuals and verdicts were returned on May 14, 1992. Appellant was found guilty of twenty-six counts and not guilty on five counts, including count 29, a charge alleging possession with intent to distribute methamphetamine on a specific date. When the jury was polled, each juror stated that this was his or her true verdict. The jury was then discharged by the court. The court thereafter accepted the verdicts and ordered they be filed by the clerk.

Upon leaving the courtroom, several jurors approached a courtroom deputy and indicated that the verdict with regard to the appellant was in error. On May 19, 1992 the United States filed a "Motion to Correct Verdict," alleging clerical errors in the verdict form as it related to the appellant. Over the appellant's written objections, the jury and counsel were reassembled on May 27, 1992, by order of the district court. When the jury was repolled, three of the jurors, one of which was the jury foreperson, indicated that the verdict previously reported was not their true verdict. These three jurors indicated that a mistake had been made on count 29. The district court then vacated and set aside the prior acceptance of the appellant's verdict as to count 29.

The jury was then ordered to return to the jury room, accompanied by a complete set of trial instructions and exhibits, to deliberate with respect to count 29. Approximately twenty minutes later the jury returned with a guilty verdict as to the crime charged in count 29. The appellant objected to the district court's procedure throughout the hearing, both prior to the jury's deliberation and upon their return. The district court accepted the verdict of guilty and again ordered that it be filed by the clerk. As part of its findings, the district court specifically found that "[this] is not a new verdict rendered by this jury, but is a corrected verdict ..." and that the not guilty verdict on the original form "was an error in the recording of the verdict and inconsistent with the unanimous finding of this jury of guilt...."

Following sentencing an appeal was perfected by the appellant as to all counts for which he was found guilty.[2] The appellant raised two specific issues as grounds for reversal, neither of which related to the corrected verdict nor the reassembly and deliberation of the jury. In the first issue, appellant challenged the district court's denial of his suppression motion based on alleged violations of the "knock-and-announce" statute, 18 U.S.C. § 3109. The second issue challenged the district court's enhancement of appellant's sentence for possession of a firearm pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines. This court reversed the convictions of the appellant and the case was remanded to the district court on the grounds that appellant's motion to suppress had been improperly denied. *United States v. Lucht*, 18 F.3d 541, 550–551 (8th Cir. 1994).[3]

At a status conference the United States stated its intention to retry the appellant on all counts of conviction, specifically including count 29. Appellant thereafter filed his motion to dismiss count 29 alleging that such retrial would violate the Double Jeopardy protection of the Fifth Amendment to the United States Constitution. Specifically, the appellant asserted that the recall of the jury constituted the reopening of jury deliberations and not the correction of a clerical error, and therefore retrying him on count 29 is barred by the double jeopardy clause. In opposition, the government asserted that it is permissible for the district court to reconvene the jury to correct a clerical error under Fed.R.Crim.P. 36, and that in any event, the appellant waived his double jeopardy

---

**2.** A number of the co-defendants tried with the appellant also appealed their convictions on various grounds.

**3.** The panel's opinion noted that "[i]n light of the denial of Kress's motion to suppress and our remand to the district court, we do not address Kress's arguments regarding his sentence." *Lucht*, 18 F.3d at 554 n. 4.

claim because he did not raise the issue on appeal. The district court agreed with the United States on both issues. The district court's order denying appellant's motion to dismiss is the basis of the present appeal.

## DISCUSSION

■ In support of affirmance, the United States first argues that this court is without jurisdiction to review appellant's double jeopardy claim under the holding of *United States v. Grabinski,* 674 F.2d 677 (8th Cir.) (en banc) (per curiam), *cert. denied,* 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982). As a general matter, a district court's order denying a defendant's motion to dismiss on double jeopardy grounds is a "final decision" and appealable under 28 U.S.C. § 1291. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). But under the law of this circuit, a district court's order denying a defendant's motion to dismiss based on a claim of double jeopardy is appealable "only if a colorable claim is made." *Grabinski,* 674 F.2d at 678; *United States v. Ivory,* 29 F.3d 1307, 1310 (8th Cir.1994).

A "colorable claim" requires a colorable showing of the elements of double jeopardy; previous jeopardy and the threat of repeated jeopardy. *Grabinski,* 674 F.2d at 679. Sensitive to problems regarding parties' dilatory tactics, this court in *Grabinski* stated that where a colorable showing of the double jeopardy elements is not demonstrated, the denial of a motion to dismiss should not divest the district court of jurisdiction. *Id.* District courts denying a motion to dismiss based on double jeopardy were requested to make a written finding of whether the motion is frivolous or nonfrivolous. *Id.* If a motion is found to be frivolous, this court would then review the appeal on an expedited schedule. *Id.*

In the present case the district court did not enter a specific written finding as to whether or not the appellant's double jeopardy motion was frivolous. The court simply entered a thorough, five-page memorandum opinion and order which concluded the appellant's motion should be denied. In its order,

the district court specifically adopted the nineteen-page report and recommendation of the United States Magistrate Judge [4] who first considered appellant's motion.

■ The United States contends that the district court's lack of a specific written finding regarding whether or not the appellant's motion was frivolous or nonfrivolous divests this court's jurisdiction to review the present double jeopardy claim. We do not agree. While a specific finding by the district court is preferable, under the present facts the lack of the same is not determinative on the issues of frivolousness and this court's jurisdiction. *United States v. Tanner,* 860 F.2d 864, 866 (8th Cir.1988) (inferring finding from district court's order); *United States v. Brown,* 926 F.2d 779, 781 (8th Cir.1991) (finding inferred from the manner in which the district court disposed of the motion). Considering the depth of the analysis below, and notwithstanding the ultimate outcome, it cannot be said that the appellant's motion was frivolous. At least a colorable showing was made on the double jeopardy elements and the present appeal will not be dismissed for lack of jurisdiction.

■ As previously noted, the appellant did not raise the issues presented herein on the original appeal of his convictions. The United States next argues that the failure to do so resulted in the issue being waived. Where a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter. *United States v. Wright,* 716 F.2d 549, 550 (9th Cir.1983) (per curiam); *United States v. Callaway,* 972 F.2d 904, 905 (8th Cir.1992) (declining review based on law-of-the-case doctrine as well as the prudential rule annunciated in *Wright,* supra); *Sanders v. Frisby,* 736 F.2d 1230, 1232 (8th Cir.1984) (failure to raise Fourth Amendment issues in criminal appeal held to preclude litigation of same issues in subsequent 42 U.S.C. § 1983 action).

■ Appellant contends these general principles do not apply to his situation because, i) his not appealing this issue in the direct appeal actually promoted judicial econ-

4. Kathleen A. Jaudzemis, United States Magistrate Judge.

omy, and, ii) the issue was not "ripe" until the government indicated its intention to retry him on count 29. We reject both arguments and conclude that the issue has been waived. Appellant offers little to support his first contention. The issues presently before this court, notably the *final* issues raised prior to sentencing and appeal, would have been most appropriately raised at the juncture of the original appeal. An examination of the appeal from the appellant and co-defendant's convictions demonstrates this court's willingness to conduct an exhaustive review of all alleged errors raised by all defendants. Each defendant/appellant had the opportunity to urge reversal of his or her convictions on a variety of grounds and this court conducted a particularized and individual review of all claims. *See Lucht,* 18 F.3d at 546–556 (addressing seven major categories of error asserted by some or all of the defendants). The propriety of the district court's action vis a vis count 29 could have been put in issue in appellant's first appeal to this court, but was not. There is little doubt appellant would have received a complete review of these issues had they been raised. Judicial economy was not promoted by waiting to raise these issues and we are free to decline review on the merits.

Appellant's ripeness argument is similarly misguided. Although currently in the posture of a double jeopardy claim, appellant's underlying assertions of error relate to the district court's procedures in calling back and questioning the jury, and having them "redeliberate" on count 29. The propriety of those actions under Fed.R.Crim.P. 31, Fed.R.Crim.P. 36, and Fed.R.Evid. 606(b) were ripe the minute they took place. They were certainly ripe at the time of the original appeal and should have been raised there.[5]

## CONCLUSION

For the reasons stated herein, we affirm the decision of the district court.

---

5. Because we conclude the issue has been waived, we do not address the merits of appellant's claim. We expressly state no opinion re-garding the district court's procedures in recalling and questioning the jury, nor its allowance of further deliberations as to count 29.