United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2431

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Deborah Silvey-Rhodes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 5, 1997
Filed: November 13, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Deborah Silvey-Rhodes appeals the sentence imposed on her by the district court following the revocation of her supervised release, arguing reversal is required because the court failed to grant her allocution prior to imposing her revocation sentence, in violation of Federal Rule of Criminal Procedure 32 and her constitutional right to due process. We vacate her sentence and remand for resentencing.

Silvey-Rhodes previously pleaded guilty to bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and the district court later sentenced her to 24 months imprisonment and three years supervised release, and ordered her to pay restitution. While Silvey-Rhodes

was serving the supervised-release portion of her sentence, the district court issued anarrest warrant against Silvey-Rhodes for allegedly violating conditions of her supervised release. At the revocation hearing, after the government presented testimony as to the alleged violations, the court addressed Silvey-Rhodes personally, asking whether she understood the allegations against her constituted violations of the conditions of her supervised release; Silvey-Rhodes responded, "Yes, Your Honor." Later in the proceeding, the government asked the court to depart upward from the recommended Guidelines range and defense counsel argued in opposition to an enhanced sentence. After revoking Silvey-Rhodes's supervised release, the court departed upward and sentenced her to 24 months imprisonment and one year supervised release.

In light of our disposition in <u>United States v. Ronald A. Patterson</u>, Nos. 97-2216/2218, filed this same date, we vacate Silvey-Rhodes's sentence and remand for resentencing, because the district court failed to afford Silvey-Rhodes the opportunity for allocution prior to imposing sentence, and this omission by the court was not harmless error.

Accordingly, we vacate Silvey-Rhodes's sentence and remand for resentencing.[1]

---

[1]We do not reach the merits of Silvey-Rhodes's claim that the district court improperly delegated its sentencing authority to the probation office to determine the schedule of restitution installment payments, because she could have raised this issue in an appeal from the originally imposed sentence, but did not. <u>See</u> <u>United States v. Kress</u>, 58 F.3d 370, 373 (8th Cir. 1995).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.