# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2852

_____

In Re:  Just Brakes Corporate     *
Systems, Inc.,    *
   *
           Debtor.    *
--------------------------------------------------    *
David A. Sosne, Trustee,    *
   *   Appeal from the United States
       Plaintiff - Appellant,    *   District Court for the
   *   Eastern District of Missouri.
       v.    *
   *
Reinert & Duree, P.C., et al.,    *
   *
       Defendants - Appellees.    *

_____

Submitted:  January 14, 2002

Filed:  June 12, 2002 (corrected 6/18/02)

_____

Before LOKEN, RICHARD S. ARNOLD, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

This is an action by a Chapter 7 bankruptcy Trustee to recover damages from certain judgment creditors for violating the automatic stay.  In a prior appeal, we upheld a ruling that Defendants had violated the automatic stay but concluded that the Trustee's proper remedy was limited to compensatory damages and remanded for a

determination of those damages.  In re Just Brakes Corp. Sys., Inc., 108 F.3d 881 (8th Cir.), cert. denied, 522 U.S. 947 (1997).  On remand, the bankruptcy court awarded the Trustee the proceeds at issue without determining whether the underlying asset was part of the bankruptcy estate.  On appeal, the district court held that this ruling violated the law of the case established by our prior decision and entered judgment for the Defendants.  The Trustee appeals.  We agree with the district court that the bankruptcy court's ruling violated our prior remand directions.  But we conclude the Trustee established that the asset in question was part of the bankruptcy estate.  Accordingly, we reverse and order the bankruptcy court's judgment reinstated.

In January 1991, Just Brakes Corporate Systems, Inc. assigned a registered trademark, its only valuable asset, to FGR Management, Inc., a corporation whose president was a shareholder and director of Just Brakes.  Defendants sued to have the conveyance set aside as fraudulent to Just Brakes creditors.  The state court enjoined Just Brakes from making further transfers and ordered a foreclosure sale of the trademark to satisfy Defendants' prior judgment against Just Brakes.  The foreclosure sale was scheduled for October 15, 1991.  That morning, Just Brakes commenced this Chapter 7 proceeding, thereby triggering the automatic stay of actions by its creditors to enforce prior judgments or to collect prior claims against Just Brakes or its estate. See 11 U.S.C. § 362(a).

The state court allowed the foreclosure sale to proceed over the objection of FGR Management, with the proceeds to be held in escrow while the parties litigated the validity of the sale and rights to the sale proceeds.  The trademark was sold for $105,000. Defendants then moved the state court to award them the net sale proceeds of $100,717, an action that violated the Chapter 7 automatic stay.  The state court granted the motion, Defendants were paid the proceeds, and the Trustee commenced this action under § 362(a) to recover the proceeds for the bankruptcy estate.  The Trustee also asserted avoidance claims against Defendants and FGR Management

seeking to recover the trademark and its proceeds under 11 U.S.C. §§ 547-550. However, the Trustee later dismissed those claims.

The bankruptcy court ordered Defendants to pay the net proceeds of $100,717 into the bankruptcy estate as compensatory or punitive damages for violating the automatic stay. On appeal, we concluded the Trustee is limited to compensatory relief under 11 U.S.C. § 362(a). We ordered the sale proceeds paid into escrow and remanded for determination of compensatory damages. The value of the trademark was not necessarily an appropriate compensatory remedy, we observed, because the Trustee had "never established his right to avoid the debtor's pre-petition transfer and recover the trademark or its value for the estate." In re Just Brakes, 108 F.3d at 885. We further noted that Defendants' violation of the automatic stay may have caused the Trustee to incur additional litigation expenses. We encouraged the bankruptcy court to revisit that issue "after the avoidance issues are finally resolved." Id. at 886.

On remand, Defendants took the position that what we had referred to as "the avoidance issues" could only be determined in a separate avoidance proceeding, and that any such proceeding if commenced by the Trustee would be time-barred. The contention is patently wrong. In this timely proceeding under § 362(a), liability was established on the first appeal, and we remanded for a determination of the Trustee's damages. That determination was to be made *in this proceeding*, whether or not it involved issues that, absent Defendants' violation of the automatic stay, would have been litigated in a separate avoidance proceeding. We held that the Trustee had to *prove* the trademark was part of the bankruptcy estate before the full sale proceeds could be awarded as compensatory damages for Defendants' violation of the automatic stay. We did not hold that the Trustee had to bring new avoidance claims under 11 U.S.C. §§ 547-550, or otherwise *replead* those claims, in order to establish the estate's property interest for purposes of this § 362(a) proceeding. Unfortunately, the bankruptcy court, the district court, and to a large extent the Trustee accepted

Defendants' position in this regard, which caused the proceedings on remand to become seriously misdirected.

Before the bankruptcy court on remand, the Trustee sought to avoid Defendants' mistaken contention by arguing that the bankruptcy court need not address the avoidance issues at all. It was "implicit in the Eighth Circuit Opinion" that the trademark was part of the bankruptcy estate, the Trustee asserted, because there could be no violation of the automatic stay unless the proceeds were derived from a sale of the estate's property. This contention, too, was patently wrong. In the first appeal, we squarely held that we did not need to decide whether the trademark or its proceeds were property of the bankruptcy estate because Defendants violated § 362(a)(6) by taking post-petition action to collect their pre-petition judgment from the trademark proceeds, and that violation "prejudiced the Trustee's ability to litigate a competing avoidance claim on behalf of all creditors." 108 F.3d at 884. Because the avoidance issues were therefore unresolved, we directed the Trustee to prove on remand that the trademark was in fact property of the bankruptcy estate if he wished to recover its proceeds as compensatory damages in this § 362(a) proceeding.

Faced with these competing erroneous contentions, the bankruptcy court concluded that the Trustee is entitled to recover the sale proceeds because the trademark and its proceeds were subject to an avoidance action by the Trustee that "*could have* resulted in the return of the transferred assets." The district court concluded that this ruling "did not follow the mandate of the Eighth Circuit on remand." We agree. We reversed the prior award of the proceeds because the Trustee had not *established* his right to recover the trademark's value for the estate. "The law of the case doctrine prevents relitigation of a settled issue in a case and requires that courts follow decisions made in earlier proceedings to insure uniformity of decisions, protect the expectations of the parties and promote judicial economy." Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir.), cert. denied, 519 U.S. 815 &

816 (1996); see In re Usery, 242 B.R. 450, 457-59 (8th Cir.BAP 1999), aff'd, 242 F.3d 378 (8th Cir. 2000), cert. denied, 533 U.S. 903 (2001).

Having rejected the bankruptcy court's reasoning, the district court went on to grant judgment in favor of Defendants because "the Trustee never established his power to avoid the pre-petition transfer [of the trademark to FGR Management] and his right to recover the trademark or its value for the estate." If the record supported this conclusion, we would affirm. But it does not. In his initial post-remand brief to the bankruptcy court, the Trustee argued an alternative theory:

> It is further clear from the record that the Trustee makes a prima facie case and would be entitled to relief. . . . The Sheriff's seizure [of the trademark] resulted in an involuntary transfer of an interest in satisfaction of an antecedent debt which allowed the creditor (Defendants) to obtain more than it [sic] would have obtained in a Chapter 7 proceeding. See 11 U.S.C. § 547. Additionally, if the Court were to allow Defendants to assert that, in spite of their previous legal positions [in state court], that the assignment to FGR was valid, such a transfer is a preference based on the record. This is established as a result of the status of FGR as an unsecured creditor in the amount of $300,000 at the time of the filing of the bankruptcy Petition. The "look-back" period for such a transfer is one (1) year in the event the creditor is an insider. . . There is no dispute that Daryl Dunn, President of FGR Management, was a twenty-five percent (25%) shareholder and director of the Debtor [and therefore an insider as defined in 11 U.S.C. § 101(31)]. In fact, in an Order in 1991, the Bankruptcy Court found that Daryl Dunn, president of FGR Management, Inc., was a shareholder and director of the Debtor. . . . [Thus,] the record evidence before this Court provides sufficient evidentiary support for the Trustee's prima facie case under § 547.

Defendants did not address this argument in their responsive brief to the bankruptcy court, nor in their brief as appellants to the district court. This alternative argument to the bankruptcy court was consistent with our directions on remand, and the record

supports its underlying assertions. Thus, the Trustee was not to blame when the bankruptcy court violated the law of the case by failing to address this contention.

However, the Trustee did fail to pursue this sound alternative contention in defending the bankruptcy court's favorable decision on appeal to the district court, and in arguing this appeal from the district court's adverse decision. We have discretion not to consider a legal theory abandoned on appeal. But in this case we decline to exercise that discretion. It is apparent that the proceedings on remand were misdirected by Defendants' erroneous contention that the Trustee could only prove his entitlement to the sale proceeds in a separate avoidance proceeding that is now barred for various reasons. The Trustee erred in not attacking that contention head-on, and by relying primarily on an argument squarely at odds with our prior opinion. But we remanded for a determination of an appropriate equitable remedy, and the equities strongly favor placing the trademark sale proceeds in the bankruptcy estate, for the benefit of all creditors. In these circumstances, we are unwilling to sacrifice the interests of those creditors merely because the Trustee made the correct argument in the bankruptcy court, but failed to pursue that argument on appeal.

For the foregoing reasons, we conclude that the bankruptcy court properly ordered Defendants to pay the Trustee $100,717.00, plus interest from October 15, 1991, to the date of payment, for the benefit of the bankruptcy estate. In reaching that decision, the bankruptcy court denied the Trustee an additional award of costs and attorney's fees. That ruling was not an abuse of the court's substantial remedial discretion, particularly in light of the Trustee's decision to dismiss his avoidance claims many years ago, which has resulted in two unnecessary appeals. Accordingly, the judgment of the district court is reversed, and the case is remanded with

instructions to reinstate the bankruptcy court's final Order dated June 29, 2000.  The parties shall bear their own costs and attorneys' fees for this appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.