Elbert A. WALTON, Jr., Respondent,

v.

The CITY OF BERKELEY, Appellant.

No. SC 87996.

Supreme Court of Missouri,
En Banc.

May 15, 2007.

Donnell Smith, St. Louis, for Appellant.

Elbert A. Walton, Jr., Bernard F. Edwards, Jr., St. Louis, for Respondent.

DANIEL E. SCOTT, Special Judge.

The City of Berkeley appeals a judgment for $181,049 in favor of Elbert A. Walton, Jr., on Walton's claims for compensation relating to his service as city attorney. After opinion by the Court of Appeals, Eastern District, a dissenting judge certified the appeal to this Court. Mo. Const. art. V, sec. 10. The judgment is reversed, and the case is remanded.

## I.

Walton was appointed city attorney for the City of Berkeley in November 1996, upon the acting city manager's recommendation and after a city council vote. On three later occasions, the city manager recommended that Walton be removed from the position. In May 1999, after the third recommendation, Walton was discharged.

Walton sued the City in January 2001. Count I of his two-count petition alleged his "wrongful removal" as city attorney. Count II alleged the City had breached its 1997 and 1998 contracts with Walton. Both counts sought money damages for unpaid monthly retainers, fees for "extraordinary" or additional services, and expense reimbursement.

Before the jury heard any evidence at trial, the court *sua sponte* determined that Walton's "wrongful removal" claim was eq-

uitable in nature, so the jury would decide Count II, and the court would decide Count I. After hearing Walton's evidence, the court directed a verdict dismissing Count II because it found the contracts were never lawfully executed and thus unenforceable under the law. The court then dismissed the jury over the City's objection, heard the City's evidence on Count I, and awarded Walton $156,049 in retainers, expenses, and extraordinary fees, despite finding that Walton had failed to prove he was unlawfully discharged.

The City appealed, Walton cross-appealed, and Walton's money judgment was overturned. *Walton v. City of Berkeley*, 118 S.W.3d 617 (Mo.App.2003)(*Walton I*). The trial court lacked equitable jurisdiction since Walton "did not plead or present any evidence that there was not an adequate remedy at law for the cause of action raised in Count I of his petition" and sought only money damages. *Id.* at 621. Walton's cross-appeal—in which he did not challenge the trial court's dismissal of Count II—was denied. *Id.* at 621–22. The court's mandate reversed and remanded the case for further proceedings on Count I, but affirmed the trial court's judgment in all other respects.

On remand, the trial court directed a verdict dismissing Count I as well, finding "insufficient pleadings and insufficient proof of a valid written contract which complies with Section 432.070 RSMO.... This Section requires that a written, detailed, and authorized contract is a prerequisite to [Walton's] recovery." The court denied, as untimely, Walton's motion to amend his petition. On appeal, in *Walton v. City of Berkeley*, 158 S.W.3d 260 (Mo.App.2005)(*Walton II*), the court of appeals noted "some confusion as to what Walton was asking for in Count I of his petition and an amended petition could have cured any deficiencies and confusion,"

and ruled the trial court abused its discretion in denying Walton leave to amend. *Id.* at 264.

On remand after *Walton II*, Walton filed an amended petition, styled *"FIRST AMENDED PETITION FOR INJUNCTION, REINSTATEMENT AND FOR BACK PAY FOR WRONGFUL REMOVAL OF CITY ATTORNEY."* It essentially combined Walton's prior Count I and Count II allegations into a single count, continued to seek similar money damages, but also prayed to enjoin the City from enforcing Walton's termination as city attorney. Solely on the record of the first trial, and hearing no new evidence, the trial court ruled Walton's 1997 contract—twice previously declared unenforceable by the same court on the same record—*was* enforceable "under the doctrine of substantial compliance," and awarded Walton money damages of $181,049.

 On appeal, this Court must affirm the trial court's decision unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The Court views the evidence and all reasonable inferences in the light most favorable to the judgment and disregards all evidence and inferences to the contrary. *Id.*

## II.

 The City's primary argument is that the trial court cannot now award damages on a contract that it already declared unenforceable, because of *res judicata* and "law of the case." The two doctrines are similar, but the latter more aptly fits the City's argument, as it involves relitigation of an issue within the same pending case.

The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and pre-

cludes relitigation of the issue on remand and subsequent appeal. *State v. Graham*, 13 S.W.3d 290, 293 (Mo. banc 2000); *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 61 (Mo. banc 1999). The doctrine governs successive adjudications involving the same issues and facts. *Shahan v. Shahan*, 988 S.W.2d 529, 533 (Mo. banc 1999). Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not. *Graham*, 13 S.W.3d at 293; *Shahan*, 988 S.W.2d at 533.

*State ex rel. Alma Telephone Co. v. Public Service Comm'n*, 40 S.W.3d 381, 388 (Mo. App.2001). *See also Williams v. Kimes*, 25 S.W.3d 150, 153–54 (Mo. banc 2000). The doctrine insures uniformity of decisions, protects the parties' expectations, and promotes judicial economy. *In re Just Brakes Corporate Systems, Inc.*, 293 F.3d 1069, 1072 (8th Cir.2002).

■ Walton's original petition sought money damages—monthly retainers, fees for additional or extraordinary legal services, and expenses incurred in performing services as city attorney—under two theories. Count I ("wrongful removal") was based on the City's charter, while Count II was based on Walton's 1997 and 1998 contracts. The trial court dismissed Count II at trial and ruled those contracts unenforceable. *Walton I* and its mandate effectively affirmed that ruling, which the trial court reiterated in its judgment preceding *Walton II*. Now the same court, on the same record, has declared the 1997 contract enforceable and awarded Walton damages including $37,000 for "retainers" and $119,049 for "extraordinary expenses and fees"—terms taken directly from the contracts. Indeed, Walton's brief concedes that the trial court:

clearly found an enforceable contract and then went on to enforce the contract in favor of [Walton] and against [the City] by an award of damages in the sum of $181,049.82.... Thus the trial court did not grant equitable relief but instead entered a judgment under the law for breach of contract.

All this is inconsistent with the trial court's prior ruling on the same record that Walton's contracts were unenforceable, a ruling affirmed by *Walton I* and reiterated in the trial court's next judgment. The City claims this prior ruling is the law of the case and precludes the trial court's latest money award.

■ In response, Walton argues the case "was back before the trial court on general remand" after *Walton I*, and "upon such a remand, the vacated or reversed judgment has no collateral estoppel nor res judicata effects." The latter claim may be correct, but the first is not and renders the argument inapposite. *Walton I* overturned Walton's money judgment and remanded for further proceedings on Count I, but affirmed the trial court's judgment in all other respects. In contrast, Walton's cited cases involved judgments wholly reversed or vacated. They also considered *res judicata*, which requires a final judgment, but law of the case by its nature does not.

■ Walton also asserted at oral argument that he had no reason in *Walton I* to cross-appeal the Count II dismissal, since he won the trial. However, the law of the case bars relitigation of issues not only expressly raised and decided on appeal, but also those that could have been raised but were not. *Williams*, 25 S.W.3d at 154. Thus, failure to raise points in an appeal means a later court need not consider them. *Id.* At bottom, Walton's argument appeals to our discretion not to apply the law of the case.

The doctrine of law of the case, however, is not absolute. *In re Marriage of Quintard,* 735 S.W.2d 388, 390 (Mo.App. S.D.1987). Rather, the doctrine is a rule of policy and convenience; a concept that involves discretion. *Bandy v. State,* 847 S.W.2d 93, 94 (Mo.App. W.D.1992). An appellate court has discretion to refuse to apply the doctrine where the first decision was based on a mistaken fact or resulted in manifest injustice or where a change in the law intervened between the appeals. *Graham,* 13 S.W.3d at 293; *Bandy,* 847 S.W.2d at 94–95; *Williams v. Ford Motor Co.,* 454 S.W.2d 611, 614 (Mo.App.1970). Additionally, where the issues or evidence on remand are substantially different from those vital to the first adjudication and judgment, the rule may not apply. *State ex rel. Chicago, Rock Island and Pacific Railroad Co. v. Public Serv. Comm'n,* 335 S.W.2d 182, 183–184 (Mo. banc 1960); *State ex rel. Anderson Motor Serv. Co. v. Public Serv. Comm'n,* 234 Mo.App. 470, 134 S.W.2d 1069, 1075 (Mo.App.1939), *adopted by* 348 Mo. 613, 154 S.W.2d 777 (1941); *Pinkston v. Ellington,* 845 S.W.2d 627, 629 (Mo.App. E.D.1992); *Quintard,* 735 S.W.2d at 390.

*Alma Telephone,* 40 S.W.3d at 388. None of the cited exceptions applies here, as Walton does not claim the first judgment was based on a mistaken fact or resulted in manifest injustice or that the law has changed, and the case was "retried" on the original record with no new evidence. Instead, Walton seems to argue that the doctrine's judicial economy interests are not advanced by applying it here, and that he is being penalized for saving the court of appeals the trouble of considering the Count II dismissal.[1]

■ However, Walton did file and pursue a cross-appeal in *Walton I.* Judicial economy is not advanced by allowing respondents to "reserve" issues omitted from their cross-appeals. The principles that preclude splitting a cause of action, or splitting issues into successive appeals, also militate against splitting cross-appeals. Law of the case considerations coincide with, rather than oppose, those requiring a cross-appellant to assert each ripe issue he intends to challenge. Thus, Rule 81.04(b) gives respondents ten days to consider an appeal's potential consequences and cross-appeal adverse rulings that, if reversed, could preserve their favorable judgments. Indeed, this was Walton's situation. Although he had a judgment, the trial court had dismissed one of his two theories of recovery, and ruled on the other that he was *not* wrongly discharged. Walton had every reason to include the Count II dismissal in his cross-appeal, and no strategic reason to omit it.

■ Further, the law of the case is applied not only for judicial economy, but also to insure uniformity of decisions and protect the parties' expectations. *Just Brakes,* 293 F.3d at 1072. The City lacked fair notice that it needed to keep fighting whether the 1997 contract was enforceable, since the trial court already ruled otherwise on the same record; the court of appeals effectively affirmed that ruling; the trial court repeated that ruling in its next judgment (vacated on other grounds by *Walton II*); and Walton thereafter amended his petition to remove the express "breach of contract" count. To sug-

---

1. In *United States v. Kress,* 58 F.3d 370 (8th Cir.1995), cited in this Court's decision in *Williams v. Kimes,* the Eighth Circuit considered whether judicial economy would be promoted by reviewing points in a second appeal that were not raised in an earlier appeal. The court found that judicial economy would not be promoted by reviewing the claims in the second appeal and "declined to review on the merits." *Id.* at 373–74.

gest otherwise ignores basic law of the case principles that courts and attorneys rely upon, and necessarily implies—without basis therefor—that the City could not have defeated such claim once again, had it known it needed to do so. Law of the case likely also explains, in part, the City's willingness to submit this case on the prior record, itself a judicially economical procedure. In all, the reasons to apply the law of the case outweigh any contrary arguments.

 The law of the case doctrine is important because it protects the parties' expectations and promotes uniformity of decisions and judicial economy. It can advance these goals only if it applies nearly all the time, and discretion to disregard it is exercised only in rare and compelling situations not found here. Thus, the law of the case applies, and the new judgment cannot stand.

Since the trial court has ruled against Walton's wrongful termination claim, and this Court now holds that Walton cannot proceed under a breach of contract theory, it is unclear whether Walton has any cause of action left in law or equity. However, this Court remands to the trial court for further consideration of any other claims for relief that might be gleaned from the amended petition.

The judgment is reversed, and the case is remanded.

WOLFF, C.J., STITH, PRICE and LIMBAUGH, JJ., and HARDWICK, Sp.J., concur.

TEITELMAN, J., dissents in separate opinion filed.

RUSSELL and WHITE, JJ., not participating.

RICHARD B. TEITELMAN, Judge.

I respectfully dissent. As the majority notes, the doctrine of law of the case is important, but it is not absolute. Application of the doctrine is discretionary and one of its purposes is judicial economy. This case was initiated six years ago. Three appeals later, the case is still not resolved. I would affirm the circuit court's judgment and finally resolve the case.