# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2090

_____

United States of America,          *
                                   *
            Appellee,              *    Appeal from the United States
                                   *    District Court for the
    v.                             *    District of Minnesota.
                                   *
Richard Mose McElrath,             *    [UNPUBLISHED]
                                   *
            Appellant.             *

_____

Submitted: August 6, 2007
Filed: August 14, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Richard Mose McElrath, previously convicted for conspiring to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), appeals the 300-month sentence the district court[1] imposed at resentencing after this court remanded the case in light of United States v. Booker, 543 U.S. 220 (2005). In both his counseled brief and in a pro se supplemental brief filed with leave of court, McElrath argues that the enhanced punishment for cocaine base as opposed to powder

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

cocaine, embodied in the career offender Guideline, results in an improper disparity between the Guidelines ranges for the two drugs.[2]

Any argument regarding sentencing disparity based on the differing penalties between the Guidelines ranges for powder cocaine and crack cocaine is foreclosed by United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006) (en banc), petition for cert. filed, (U.S. Mar. 2, 2007) (No. 06-9864), in which we held that neither Booker nor 18 U.S.C. § 3553(a) authorizes district courts to reject the 100:1 ratio. Additionally, we conclude McElrath's sentence is not unreasonable. See United States v. Johnson, 474 F.3d 515, 518, 522 (8th Cir. 2007) (sentence of 295 months in prison for possession of 6 grams of cocaine base not unreasonable when court refused to consider disparity between Guidelines penalties for distributing crack versus powder cocaine); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion which may occur if (1) court failed to consider relevant factor that should have received significant weight; (2) court gave significant weight to improper or irrelevant factor; or (3) court considered only appropriate factors but in weighing those factors committed clear error of judgment).

Accordingly, we affirm. We also deny McElrath's pending pro se motion.

_____

---

[2]The remaining arguments in the pro se brief are not properly before us. See United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (where party could have raised issue in prior appeal but did not, court later hearing same case need not consider matter).