

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LARRY NANCE (Deceased), | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD76587 |
| | ) | |
| | ) | OPINION FILED: |
| MAXON ELECTRIC, INC., and | ) | April 8, 2014 |
| NATIONAL SURETY CORP., c/o | ) | |
| FIREMAN'S FUND INSURANCE CO., | ) | |
| | ) | |
| Appellants. | ) | |

### Appeal from the Labor and Industrial Relations Commission

**Before Division I:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

This appeal invokes the law of the case doctrine in conjunction with the mandatory responsibility of a lower tribunal to follow the specific remand instructions of an appellate court.

In *Nance v. Maxon Electric, Inc.*, 395 S.W.3d 527 (Mo. App. W.D. 2012) (*"Nance I"*), we remanded the proceeding to the Labor and Industrial Relations Commission ("Commission") with specific instructions to approve the settlement agreement that the employer, Maxon Electric, Inc., and its insurer, National Surety Corp., c/o Fireman's Fund Insurance Co. (collectively, "Maxon"), had entered into with the injured employee, Larry Nance ("Mr. Nance"), prior to

Mr. Nance's death. Upon remand, the Commission did as specifically instructed and, on May 30, 2013, issued an Order approving the settlement agreement. Maxon appeals, arguing that: (1) Mr. Nance's surviving spouse, Sherry Nance ("Mrs. Nance"), never possessed standing before the Commission or this court to pursue enforcement of the settlement agreement before the Commission or the appeal in *Nance I*; (2) the Commission's order approving the settlement, as specifically directed by this court in *Nance I*, fails to satisfy statutory requirements; and (3) the Commission's order was erroneously entered because no *party* had appealed the Commission's previous order of 2012 that was the subject of *Nance I*. We affirm.

**Factual and Procedural Background**

The factual history of this case leading up to the first appeal is well documented in *Nance I* and will not be repeated herein. Suffice it to say that prior to Mr. Nance's death, Mr. Nance and Maxon entered into a settlement agreement to commute Mr. Nance's previously adjudicated entitlement to future permanent total disability payments into an agreed-upon present value lump sum payment. The terms of the settlement agreement documented that Maxon was aware that Mr. Nance then presently suffered from an unrelated-to-work diagnosis of Stage IV lung cancer that would inevitably reduce his life expectancy. The settlement agreement was signed by the parties and filed with the Commission for approval. Before the Commission approved the settlement agreement, Mr. Nance died. Because Mr. Nance's death preceded the Commission's ruling on the joint request to approve the settlement agreement that had been filed, Maxon sought to withdraw the settlement agreement from consideration or approval by the Commission. Mrs. Nance, as the surviving spouse, filed substitution of party documentation with the Commission that was not challenged by Maxon.[1] Mrs. Nance sought to compel the

---

[1] Maxon does not dispute that the substitution of party documentation was timely filed, nor does Maxon dispute that Mrs. Nance was, in fact, the appropriate party to be substituted in these proceedings for Mr. Nance upon

2

Commission's approval of the settlement agreement and, when the Commission refused to do so, she appealed to this court in *Nance I*. Though not raised by way of motion to dismiss or a point relied on to this court, Maxon argued for the first time at the oral argument of *Nance I* that Mrs. Nance lacked standing. *Nance I*, 395 S.W.3d at 539 n.18.

Pertinent to the present appeal, in *Nance I*, we concluded that all relevant statutory requirements had been met and the Commission was obliged to approve the settlement agreement. *Id.* at 538-39. Further, we rejected Maxon's argument that Mrs. Nance lacked standing. *Id.* at 539 n.18.[2]

## Standard of Review

Generally, we affirm orders of the Commission unless they are not authorized by law or supported by competent and substantial evidence on the whole record. MO. CONST. art. V, § 18. The order at issue here, however, is one entered after remand pursuant to this court's mandate in *Nance I*. Upon remand, the Commission has a duty to proceed "in accordance with the mandate and the result contemplated in the appellate court's opinion." *Motor Control Specialities, Inc. v.*

---

his death. Likewise, Maxon does not dispute that in its February 2012 Order, the Commission commented upon Mrs. Nance's status as a surviving spouse and, though the Commission had not yet "formally" ordered her substitution at that time, made it clear that the substitution order was a mere formality and did not hinder the discretion of the Commission to proceed with its ruling at that time. Maxon conceded at oral argument that one reasonable interpretation of the reading of the February 2012 Order is that the Commission exercised its discretion to recognize Mrs. Nance as the person who then possessed the pecuniary interest in the outcome of the case, a fact that nobody has ever disputed. This is, of course, consistent with Judge Blackmar's "spirit of the rule" discussion found in *Metropolitan St. Louis Sewer District v. Holloran*, 751 S.W.2d 749, 752 (Mo. banc 1988). Maxon's argument is simply that the Commission did not complete the "mere formality" of "ordering" Mrs. Nance substituted; thus, she lacks standing. As before, we see no merit in either the form or substance of Maxon's standing argument.

[2] In response to our opinion in *Nance I*, Maxon filed a motion for rehearing or transfer to the Missouri Supreme Court, arguing that we erroneously failed to conclude that Mrs. Nance lacked standing and that we erroneously interpreted the relevant statutes regarding approval of the settlement agreement—the same arguments that Maxon makes in the present appeal. We denied Maxon's motion for rehearing or transfer to the Missouri Supreme Court. Thereafter, Maxon filed an application for transfer to the Missouri Supreme Court making the same arguments as it did in its post-opinion motion filed with our court. The Supreme Court requested that the parties provide additional legal suggestions on the topics raised in Maxon's application and then proceeded to deny the application for transfer on April 30, 2013, resulting in this court's final mandate that was issued on May 2, 2013.

*Labor & Indus. Relations Comm'n*, 323 S.W.3d 843, 853 (Mo. App. W.D. 2010) (internal quotation omitted).

There are two types of remands: "(1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the [Commission] to enter [an order] in conformity with the mandate." *Gerken v. Sherman*, 351 S.W.3d 1, 6 (Mo. App. W.D. 2011). "Where a judgment is reversed and remanded with specific directions to enter a particular judgment, the mandate is in the nature of a special power of attorney and must be followed by the [Commission] without deviation. . . ." *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 633 (Mo. banc 2013) (internal quotation omitted). This court's mandate, which is to be read in conjunction with its opinion in *Nance I*, was specific: we reversed the Commission's prior decision and ordered the Commission to approve the commutation lump sum settlement agreed to by Maxon and Mr. Nance. 395 S.W.3d at 539. Accordingly, that is all the Commission had the power to do on remand. Whether the Commission followed this court's mandate is a question of law that we review *de novo*. *See Gerken*, 351 S.W.3d at 6.

**Analysis**

All of Maxon's points on appeal claim that the Commission erred in issuing its order when the Commission's order did nothing more than follow the mandate of this court in *Nance I*. Therefore, the law of the case doctrine controls. "'The doctrine of the law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal.'" *Smith*, 410 S.W.3d at 632 (quoting *Walton v. City of Berkeley*, 223 S.W.3d 126, 128-29 (Mo. banc 2007)). "The doctrine insures uniformity of

4

decisions, protects the parties' expectations, and promotes judicial economy." *Id.* (internal quotation omitted).

Maxon's first point on appeal, that Mrs. Nance lacked standing, was raised and rejected by this court in *Nance I*. This issue was also briefed to the Missouri Supreme Court in Maxon's application for transfer to that court. Neither this court nor the Supreme Court was persuaded by Maxon's standing arguments. Maxon now seeks another bite at this apple in its present appeal. In a similar procedural posture, the Missouri Supreme Court refused to consider such an argument on appeal, stating:

> [Appellants] put this upon the ground that this court may correct its own errors. That is equivalent to saying that a determination of this case upon second appeal is the same as considering a motion for rehearing. A motion for rehearing was filed after the former opinion was handed down, considered in all its phases, and overruled. It raised every point that most ingenious counsel could conceive.

*Denny v. Guyton*, 57 S.W.2d 415, 418-19 (Mo. banc 1932). The Court opined that "[w]ithout the rule [of the law of the case] there would be no end of criticism, relitigation, re-examination, and reformulation. In short, there would be endless litigation." *Id.* at 418. Finally, the Court concluded, "There must be an end of litigation. The principle is not a rule of convenience, but it is a principle of justice, so recognized, like the statute of limitations." *Id.* The law of the case doctrine precludes our re-examination of the standing issue.

Maxon's first point on appeal is denied.

Similarly, Maxon's second point on appeal alleges that the Commission's decision failed to satisfy statutory requirements in that the Commission failed to make the required finding that the settlement agreement was "in accordance with the rights of the parties." Although Maxon insists that its Point II argument is a new one that it could not have made before the Commission's post-remand order was issued, we conclude that this issue, too, is controlled by

the law of the case doctrine, as we effectively decided the issue in *Nance I*. *Nance I* held that, as long as there was agreement as to the settlement, section 287.390.1, in its current form, meant that the agreement would be *deemed* to be in accordance with the rights of the parties "*as long as the settlement is not the result of undue influence or fraud, the employee understands his or her rights and benefits, and voluntarily agrees to accept the terms of the agreement.*" *Nance I*, 395 S.W.3d 533 (quoting the statute). Absent one of the italicized conditions, section 287.390.1 requires that the Commission "shall approve [the] settlement agreement as valid and enforceable."

This court, in *Nance I*, found that there had been no allegations or arguments that there had been fraud, that Nance failed to understand his rights and benefits, or that Nance did not voluntarily agree to accept the terms of the agreement. For these reasons, we remanded this case to the Commission with specific instructions for the Commission to approve the settlement. Upon remand, the Commission did as instructed by our mandate. Maxon's current argument that the Commission erred in failing to comply with the relevant statutes amounts to an argument that this court erred in interpreting the relevant statutes in *Nance I*, an argument that must be rejected under the principles of the law of the case doctrine.

Maxon's second point on appeal is denied.

Maxon's third point on appeal effectively amounts to another variation of the standing argument from its first point on appeal. In Maxon's third point, it alleges that "no party to the case" appealed the order of the Commission that was the subject of *Nance I* (because Maxon claims that Mrs. Nance was, at all times, a non-party without standing to appeal *Nance I*), and that the Commission's order, thus, became a final order, despite this court's opinion and mandate in *Nance I*. The time to raise and argue this issue was in *Nance I*. For the reasons identified in

response to Maxon's first point, in *Nance I*, we rejected the legal argument (standing) upon which Maxon claims Mrs. Nance was never a "party" to the underlying claim. Furthermore, at no time in *Nance I* did Maxon claim that Mrs. Nance was *not* a party. Instead, Maxon accepted Mrs. Nance's "party status" and responded to the substantive merits of the issues raised on appeal in *Nance I*. Maxon never filed a motion to dismiss or otherwise argued to the court in *Nance I* that Mrs. Nance was not a "party" to the appeal. Thus, again, the law of the case controls. "Generally the decision of a court is the law of the case for all points presented and decided, *as well as for matters that arose prior to the first adjudication and might have been raised but were not.*" *Walton*, 223 S.W.3d at 129 (emphasis added) (internal quotation omitted).

Maxon's third point on appeal is denied.

### Conclusion

For all of the above-stated reasons, the decision of the Commission is affirmed.[3]

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and
Karen King Mitchell, Judge, concur.

---

[3] After due consideration, we deny Respondent's Motion to Dismiss Appeal and for Sanctions.