

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

ALAN L. ECHOLS,               )
                                         )
          Appellant,         )
                                         )
v.                                 )        WD83980
                                         )
STATE OF MISSOURI,        )        Opinion filed:  September 28, 2021
                                         )
          Respondent.     )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## THE HONORABLE JALILAH OTTO, JUDGE

Division Three:  Edward R. Ardini, Jr., Presiding Judge,
Mark D. Pfeiffer, Judge and W. Douglas Thomson, Judge

Alan Echols ("Echols") appeals the judgment of the Circuit Court of Jackson County denying his "Motion for Post-Conviction Relief Due to Conflict of Interest and Abandonment." Echols was convicted in 1991, after a jury trial, of first-degree murder and armed criminal action. Prior to sentencing, he fled the state and was not apprehended until 1999. Thereafter, he was sentenced by the trial court to life without the possibility of parole. Echols appealed through retained counsel, and his convictions and sentences were affirmed on appeal. *See State v. Echols*, 32 S.W.3d 623 (Mo. App. W.D. 2000) (mem.) (per curiam).

In 2001, Echols filed a timely *pro se* motion for postconviction relief pursuant to Rule 29.15 and retained counsel filed a timely amended motion, which the State moved to dismiss based on the "escape rule." The court granted the State's motion and dismissed the action. Echols

appealed, and this Court affirmed the judgment of dismissal. *See Echols v. State*, 168 S.W.3d 448, 456 (Mo. App. W.D. 2005).

In 2018, Echols filed a Motion for Post-Conviction Relief Due to Conflict of Interest and Abandonment in which he sought to file a new, untimely Rule 29.15 motion, alleging that he had been abandoned by his original postconviction counsel who had also represented him in his direct appeal. The trial court denied the motion. For the reasons stated below, we affirm.

### Factual and Procedural Background[1]

In 1991, a jury found Echols guilty of first-degree murder and armed criminal action. Echols was permitted to remain free on bond prior to sentencing; however, a warrant was issued for his arrest after he failed to appear before the court as required. Echols was apprehended in Louisiana in 1999. In October of that year, he appeared before the court and was sentenced to serve concurrent terms of life imprisonment without the possibility of parole and eighty years. At the sentencing hearing, Echols was represented by new, retained counsel ("Retained Counsel").[2]

Retained Counsel also represented Echols in his direct appeal, in which he asserted one claim of error relating to the deletion of a portion of Echols's videotaped confession before it was played to the jury. This Court affirmed his convictions in a *per curiam* order with an unpublished memorandum.

Echols filed a timely *pro se* Rule 29.15 motion, and the motion court appointed counsel to represent him in his postconviction proceedings. Appointed counsel withdrew from the case when Retained Counsel entered his appearance. Retained Counsel thereafter filed a timely amended Rule

---

[1] We draw some of the facts in this section from the related appeal, *Echols v. State*, 168 S.W.3d 448 (Mo. App. W.D. 2005), without further attribution.

[2] Echols was represented by different retained counsel at trial.

29.15 motion on Echols's behalf. The State moved to dismiss based on the "escape rule," which provides that one who escapes and is recaptured can be deemed to have forfeited the aid of the court as to the proceedings that occurred prior to the escape.[3] The motion court granted the State's motion and dismissed Echols's Rule 29.15 claims.

Echols appealed—retaining the services of new counsel—and asserted two points. First, he argued that the motion court erred in granting the State's motion to dismiss his Rule 29.15 motion under the "escape rule." *Echols*, 168 S.W.3d at 451-54. We disagreed and found the motion court did not abuse its discretion in invoking the "escape rule" and dismissing his Rule 29.15 claims on that basis. *Id.* at 454.

Second, Echols asserted the motion court erred "in failing to *sua sponte* remove his post-conviction counsel." *Id.* Echols "allege[d] that [Retained Counsel] necessarily had an 'actual conflict of interest,' in that he also represented Echols on direct appeal and therefore would have been reluctant to assert his own ineffectiveness as appellate counsel." *Id.* In considering this claim, we noted that, although Echols argued "there were 'several colorable claims of ineffective assistance of appellate counsel that should have been advanced,'" he cited "no specific ineffective assistance claims that should have been brought, and none were included in his *pro se* Rule 29.15 motion." *Id.* at 455 (internal marks omitted). Ultimately we found that, "[a]lthough we [were] inclined to disagree with Echols' contentions in this case, we need[ed] not address them because they [were] moot in view of our determination that the motion court did not abuse its discretion in invoking the escape rule to dismiss the post-conviction motion." *Id.* We stated:

> We can find that the contentions are not moot only upon a belief that new appointed counsel could and would have pleaded such powerful and obvious claims of ineffective appellate counsel that the motion court would have abused its discretion

---

[3] "The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035." *Wolf v. State*, 552 S.W.3d 790, 792 (Mo. App. W.D. 2018).

in applying the escape rule in the face of such an obvious injustice. . . . Lacking information about any specific claim of palpable ineffectiveness that could or should have been raised, we have no reason to believe that new counsel could have pleaded any claim of such nature as to preclude the motion court's exercise of discretion to invoke the escape rule.

*Id.* We affirmed the motion court's judgment dismissing Echols's Rule 29.15 claims. *Id.* at 456.

In 2018, Echols filed a Motion for Post-Conviction Relief Due to Conflict of Interest and Abandonment. Echols again asserted that Retained Counsel had "labored under an actual conflict of interest," and alleged that as a result, counsel had effectively "abandoned" him. Echols argued that under "Missouri's doctrine of abandonment," he was entitled to file a new, untimely Rule 29.15 motion. Echols described in his motion claims that he alleged should have been raised on direct appeal (as trial court error) and in his subsequent Rule 29.15 motion (as ineffective assistance of appellate counsel).

The State opposed the motion, and after hearing argument, the motion court denied Echols's motion. The motion court provided various grounds for its denial, including that "the abandonment doctrine does not apply in situations involving retained counsel," Echols failed "to meet any of the circumstances which constitute abandonment by post-conviction counsel," Echols waived any alleged conflict of interest by choosing to retain in his postconviction proceedings the attorney who had represented him in his direct appeal, and Echols could not take advantage of self-invited error by rejecting appointed counsel in favor of Retained Counsel, then claiming he was abandoned by virtue of Retained Counsel's conflict.

This appeal followed.

**Standard of Review**

"Review of an order overruling a motion alleging abandonment of counsel during post-conviction proceedings is limited to a determination of whether the motion court's findings and

4

conclusions are clearly erroneous." *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016) (citing Rule 29.15(k)). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Id.* We are required to affirm a motion court's judgment "on any basis supported by the record, even if that basis is other than that which is expressed by the [motion] court." *Jaco v. Jaco*, 516 S.W.3d 429, 436 (Mo. App. W.D. 2017); *see also Huston v. State*, 532 S.W.3d 218, 221 (Mo. App. W.D. 2017).

**Analysis**

In his sole point on appeal, Echols asserts the motion court clearly erred in denying his motion for postconviction relief due to conflict of interest and abandonment pursuant to Rule 29.15 arguing that Retained Counsel had "labored under an actual conflict of interest that constituted abandonment of counsel that adversely affected the outcome of the initial Rule 29.15 proceeding because counsel was ethically precluded from advancing and litigating viable claims of ineffective assistance of appellate counsel before the motion court." However, we find Echols is barred from relitigating this claim under the "law of the case" doctrine.

"The doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal." *Walton v. City of Berkeley*, 223 S.W.3d 126, 128-29 (Mo. banc 2007). "The doctrine governs successive adjudications involving the same issues and facts." *Id.* at 129. "Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not." *Id.*

Echols's claim in *this* appeal—that Retained Counsel "labored under a conflict of interest"—was raised by Echols in his *previous* appeal in this case and decided by this Court. We

5

found the claim "moot in view of our determination that the motion court did not abuse its discretion in invoking the escape rule to dismiss the post-conviction motion." *Echols*, 168 S.W.3d at 455. We will not again entertain Echols's claim that Retained Counsel had a conflict of interest, as we have already determined the issue moot. We acknowledge that in Echols's prior appeal, we opined the issue might not have been moot had Echols described "powerful and obvious claims of ineffective appellate counsel [such] that the motion court would have abused its discretion in applying the escape rule," and that in this appeal Echols has attempted to assert such claims. However, the law of the case applies to "points presented and decided, as well as [to] matters that arose prior to the first adjudication and ***might have been raised but were not***." *Walton*, 223 S.W.3d at 129 (emphasis added). Thus, notwithstanding Echols's belated attempt to describe claims of ineffective assistance of appellate counsel, the law of the case stands and we will not relitigate Retained Counsel's alleged conflict of interest.[4]

Nonetheless, even if we were to decide the merits of Echols's claim, we would affirm the motion court's judgment. Echols argues that he was effectively abandoned by Retained Counsel based on his conflict of interest. But the abandonment doctrine only applies where counsel has been appointed, and not, as in this case, where counsel was retained. *See Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017) ("[I]n light of the abandonment doctrine's origins and the limited purpose it was created to serve, the doctrine applies only to situations involving appointed postconviction counsel."); *see also Cooper v. State*, 621 S.W.3d 624, 639 n.10 (Mo. App. W.D. 2021) (rejecting the movant's claim that he was effectively abandoned by retained postconviction

---

[4] Echols has not advanced any argument that this Court should not apply the "law of the case" doctrine to his claims. *See Walton*, 223 S.W.3d at 130 (The doctrine of the law of the case "is not absolute," and "[a]n appellate court has discretion to refuse to apply the doctrine where the first decision was based on a mistaken fact or resulted in manifest injustice or where a change in the law intervened between the appeals.").

counsel due to counsel's personal problems and disbarment from practicing law, and stating that "*Gittemeier*'s holding is clear: without exception, the abandonment doctrine applies solely to appointed counsel."). Thus, the abandonment doctrine would not apply here.

Point denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.